# IN THE UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | | |
|---|---|---|
| JANE DOE | : | CASE NO.: |
| c/o David A. Goldstein Co., L.P.A. | : | |
| 511 S High Street, Suite 200 | | |
| Columbus, OH 43215 | : | |
| | : | JUDGE |
| | : | |
| Plaintiff, | : | MAGISTRATE JUDGE |
| | : | |
| v. | : | **JURY DEMAND ENDORSED** |
| | : | **HEREIN** |
| ANDREW K. MITCHELL | : | |
| (Individually, personally and in his | : | |
| official capacity as an employee and | : | |
| police officer of the City of Columbus | : | |
| in its Department of Public Safety, | : | |
| Division of Police) | : | |
| Address – Currently held in federal | : | |
| detention, | : | |
| | : | |
| and | : | |
| | : | |
| CITY OF COLUMBUS | : | |
| C/O: Mayor Andrew J. Ginther | : | |
| 90 West Broad Street, 2nd Floor | : | |
| Columbus, OH 43215 | : | |
| | : | |
| and | : | |
| | : | |
| DOE 1—10 | : | |
| Unknown Defendant Columbus Police | : | |
| Officers (all individually, personally, and | : | |
| in their official capacity as employees | : | |
| of the City of Columbus in its Department | : | |
| of Public Safety, Division of Police) | : | |
| address unknown | : | |
| | : | |
| Defendants. | : | |

# COMPLAINT

Plaintiff Jane Doe, by and through counsel, David A. Goldstein Co., L.P.A., and for her Complaint against Defendant Andrew K. Mitchell, Defendant City of Columbus, and Defendant Doe 1-10, does hereby state, allege, and aver that:

## I. JURISDICTION AND VENUE

1. Jurisdiction over claims brought under the Civil Rights Act of 1871, 42 U.S.C. § 1983, is conferred on this Court by 28 U.S. C. § 1331 (federal question); § 1343 (civil rights), and jurisdiction over the state claims is conferred by 28 U.S.C. § 1367 (supplemental jurisdiction).

2. Compensatory and punitive damages are sought pursuant to the common law of the State of Ohio; and 28 U.S.C. § 2201 and § 2202.

3. Costs and attorneys' fees may be awarded pursuant to 42 U.S.C. § 1988, the common law of the State of Ohio and Fed. R. Civ. P. 54.

4. Venue is proper pursuant to 28 U.S.C. § 1391(b) and S.D. Ohio Civ. R. 82.1(b), because the events giving rise to this action occurred in Franklin County, Ohio, where Defendants serve as Columbus Division of Police Vice Unit members or in other CDP employment.

## II. PARTIES

5. Plaintiff Jane Doe is an individual whose identity is being protected due to fear for her safety from Defendants and others.

6. Defendants Andrew K. Mitchell and Doe 1-10 (collectively referred to herein as "Defendant Officers"), are being sued in their individual capacity; and were, at all relevant times hereto, employees of the City of Columbus, Columbus Division of Police in the Vice Unit or

other units located in Franklin County, Ohio, and "persons" under 42 U.S.C. § 1983 acting under color of law.

7. Defendant, City of Columbus, is a political subdivision located in Franklin County, Ohio, and a Municipal Corporation duly organized, existing and operating under the Constitution and Statutes of the State of Ohio and the Charter of Columbus, Ohio, and a "person" under 42 U.S.C. §1983 acting under color of law. At all times hereto, the City operated a Division of Police and Vice Unit which employed Defendant Officers and was responsible for the supervision and administration of the Division of Police and Vice Unit. The City is sued under a theory of municipal liability pursuant to *Monell v. Dep't of Soc. Servs. Of City of New York*, 436 U.S. 658 (1978).

### III. FACTS

8. The facts upon which this Complaint is based and the claims of Plaintiff Jane Doe ("Plaintiff") against Defendant Andrew K. Mitchell ("Defendant Mitchell"), Defendant Doe 1-10 ("Does"), and Defendant City of Columbus ("City" and/or "Defendant City") (collectively referred to herein as Defendants) are founded, in part, upon the false arrest, false imprisonment, and rape of Plaintiff in violation of her civil rights which occurred in February 2018.

9. In part, Plaintiff brings this Civil Action pursuant to 42 U.S.C. §§ 1983 and 1988 against former Columbus police officer Defendant Mitchell for his use of excessive force, and relatedly a *Monell v. Department of Social Services of New York*, 436 U.S. 658 (1978) action against the City and Does.

10. This is a Civil Action for declaratory judgment and for compensatory and punitive monetary damages for Defendants' violations of Plaintiff's rights secured under 42 U.S.C. §§ 1983 and 1988, the Fourth, Eighth, and Fourteenth Amendments to, and other provisions of the

United States Constitution and comparable provision of the Ohio Constitution, as well as rights secured under the laws of Ohio.

11. At all relevant times hereto, this Civil Action is brought against Defendant Mitchell because, in February 2018, he used unlawful excessive force against Plaintiff by committing the false arrest of Plaintiff; the wrongful detention and kidnapping of Plaintiff; the false imprisonment of Plaintiff; and other actions and omissions under color of law which resulted in the deprivation of rights secured to Plaintiff under the Constitutions and laws of the State of Ohio.

12. Among other reasons, this Civil Action is brought against the City for its having employed unconstitutional customs and policies; for its lack of control over its Vice Unit and its police officer employees; for its failure to supervise and/or train Defendant Mitchell and other members of the Vice Unit; and for having knowledge about wrongdoing by Defendant Mitchell and other police officers in the Vice Unit but taking no action until substantial harm had been visited on Plaintiff and other members of the community at large.

13. At all relevant times hereto, Plaintiff avers that Defendants, jointly and/or severally, acted:

      a. unlawfully, maliciously, deliberately, recklessly, willfully, intentionally, in bad faith, and/or negligently;

      b. wantonly; purposefully; knowingly;

      c. without probable cause, legal right, or justification;

      d. under color of law, statutes, ordinances, regulations, policies, customs, and/or usage;

      e. with deliberate indifference;

4

      f. with malicious purpose;

      g. and/or with gross negligence.

14. This Civil Action seeks compensatory and punitive monetary damages from Defendants for the commission of acts and/or omission to act under color of law, statutes, ordinances, regulations, policies, customs, or usage which deprived Plaintiff of her rights, privileges or immunities secured for Plaintiff by the Constitution and laws of the United States of America and the Constitution of Ohio; and further, for singularly and/or acting in concert to deny, and intentionally failing to prevent and/or neglecting to prevent and/or showing reckless disregard and/or deliberate disregard to preventing the denial of Plaintiff's rights to procedural and substantive due process and equal protection of the laws, and her right to be free from excessive use of force by Defendant Mitchell.

15. Plaintiff seeks monetary damages from certain Defendants for their maintenance and enforcement of policies, rules, practices, regulations, customs, and usage under color of law, which operated to cause the rape of Plaintiff and damages to Plaintiff as set forth herein, all in violation of federal and Ohio law.

16. Among other reasons, this action is brought to redress injuries to the liberty, person, and property interests of Plaintiff because of Defendant Mitchell's and some of the other Defendants' acts and/or omissions which include but are not limited to: (a) false arrest of Plaintiff; (b) wrongful detention and kidnapping of Plaintiff; (c) false imprisonment of Plaintiff; (d) fraudulent and malicious deprivation of Plaintiff's rights to bodily and personal privacy, due process, and equal protection of the laws of the United States of America and the State of Ohio; (e) other acts and omissions of which resulted in injury or losses to Plaintiff; (f) abridgment of Plaintiff's rights secured to her under the Fourth and Fourteenth Amendment of United States

Constitution and similar provisions of the Ohio Constitution; (g) other acts and omissions which resulted in injury or losses to Plaintiff; and (h) other actions and omissions under color of law which resulted in the deprivation of rights secured to Plaintiff under the Constitutions and laws of the State of Ohio.

17. From on or about at least 1988 until early 2019, Defendant Mitchell had been employed as a police officer with the Columbus Division of Police, Department of Public Safety. He was a 30 plus-year veteran. He submitted his letter for retirement on or about March or April 2019.

18. At the time of his commission as a Columbus police officer, Defendant Mitchell took an oath to uphold the United States Constitution, as well as the constitution and laws of the State of Ohio.

19. At all relevant times hereto, Defendant Mitchell was assigned as a detective in the Columbus Division of Police's Vice Unit and had been on that assignment since on or about March 12, 2017. The Vice Unit is a police division responsible for investigating "moral crimes" such as gambling, prostitution, narcotics, and illegal alcohol sales.

20. As a detective of the Vice Unit of the Columbus Division of Police, Defendant Mitchell was authorized by the laws of the State of Ohio and City of Columbus to conduct enforcement actions for solicitation or prostitution offenses, searches and seizures, arrests, and other actions.

21. In 2017, and at all relevant times hereto, Defendant Mitchell was on duty as a Columbus Police Vice Officer. He was undercover in plain clothes and not in his City-issued police uniform. He operated an unmarked police car, not a City marked police car. Neither his clothing nor vehicle identified him as a police officer.

22. In 2017, at some point during his vice investigations, Defendant Mitchell came into contact with Plaintiff in Columbus, Franklin County, Ohio.

23. Defendant Mitchell approached Plaintiff in an unmarked Jeep.

24. Plaintiff approached Defendant Mitchell's vehicle and began speaking with Defendant Mitchell.

25. Plaintiff got into the front passenger seat of Defendant Mitchell's vehicle as the conversation continued.

26. After the conversation completed, Defendant Mitchell flashed his badge and indicated that he was with the Vice Unit. Defendant Mitchell proceeded to radio the Vice Unit from his vehicle.

27. Defendant Mitchell used his cell phone to make a phone call. Plaintiff heard a male's voice on the phone call indicate that Plaintiff "has active warrants."

28. Defendant Mitchell proceeded to drive Plaintiff into an unknown park's parking lot across from a school in Columbus, Franklin County, Ohio. At no time did Defendant Mitchell indicate where he was going to take Plaintiff.

29. Defendant Mitchell told Plaintiff, "If you don't want to go to jail, get in the back seat," and "Give that pretty ass up and you won't go to jail."

30. Plaintiff got out of the front passenger seat of Defendant Mitchell's vehicle and got into the back seat as Defendant Mitchell demanded.

31. Plaintiff believed that she would be able to escape the vehicle and flee once Defendant Mitchell exited the vehicle to enter into the back seat. However, as soon as Plaintiff entered the back seat, Defendant Mitchell handcuffed one of Plaintiff's hands to the vehicle.

32. Defendant Mitchell exited the front seat and opened the door to the back seat. Defendant Mitchell pulled Plaintiff's pants down and bit Plaintiff on the back.

33. Defendant Mitchell raped Plaintiff vaginally.

34. Once Defendant Mitchell was done, he smirked at Plaintiff and called her a "whore." He proceeded to remove the handcuffs from Plaintiff's hand. He ordered Plaintiff out of the vehicle. Plaintiff exited the vehicle.

35. Defendant Mitchell returned to the driver's seat of the vehicle. Defendant Mitchell drove away, leaving Plaintiff without most of her clothing.

36. In February 2018 and at all relevant times hereto, Defendant Mitchell was on duty as a Columbus Police Vice Officer. He was undercover in plain clothes and not in his City-issued police uniform. He operated an unmarked police car, not a City marked police car. Neither his clothing nor vehicle identified him as a police officer.

37. In February 2018, at some point during his vice investigations, Defendant Mitchell approached Plaintiff in an unmarked black Cadillac in Columbus, Franklin County, Ohio.

38. Plaintiff did not recognize Defendant Mitchell's vehicle. Plaintiff approached Defendant Mitchell's vehicle and got into the front seat.

39. As soon as Plaintiff entered the vehicle, she immediately recognized Defendant Mitchell from the 2017 rape. Defendant Mitchell told Plaintiff, "You're going to jail this time," and "I know that you have warrants out for your arrest."

40. Plaintiff knew that Defendant Mitchell was armed with a handgun.

41. Defendant Mitchell repeatedly flashed his badge at Plaintiff.

8

42. Defendant Mitchell started driving his vehicle on the highway towards Jackson Park, Franklin County, Ohio, with Plaintiff in the front passenger seat. Plaintiff's fear, fright, anxiety, terror, anguish, and concern was so great that it became debilitating.

43. Defendant Mitchell exited the highway and stopped the vehicle in the back of a parking lot unfamiliar to Plaintiff.

44. As soon as the vehicle stopped, Defendant Mitchell handcuffed one of Plaintiff's hands to the vehicle.

45. Defendant Mitchell then flipped Plaintiff over so that her backside was facing him from the front passenger seat. Defendant Mitchell removed Plaintiff's pants.

46. Defendant Mitchell raped Plaintiff.

47. Once Defendant Mitchell was done, he removed the handcuffs from Plaintiff's wrist. Defendant Mitchell then ordered Plaintiff to get out of the vehicle, at which point Plaintiff opened the front passenger door, and Defendant Mitchell pushed Plaintiff out of the front passenger seat without Plaintiff's pants.

48. Defendant Mitchell drove away, leaving Plaintiff with only a tank top and blood on her backside.

49. In February 2018, Defendant Mitchell used excessive force upon Plaintiff by raping her.

50. As a direct and proximate result of the remote and secluded location that Defendant Mitchell had selected to transport Plaintiff, Plaintiff experienced severe fear, fright, anxiety, terror, anguish, and concern that Defendant Mitchell was going to physically assault, rape, or kill her.

51. Defendant Mitchell's use of excessive force under the circumstances violated Plaintiff's known and established constitutional right to be free from excessive force, which was known or should have been known to Defendant Mitchell.

52. The right to be free from excessive force is clearly established as a protection given by the Fourth Amendment of the United States Constitution.

53. On or about February 2018, Defendant Mitchell, while acting under color of law, willfully deprived Plaintiff of a right secured and protected by the Constitution and laws of the United States and the Constitution and Laws of the State of Ohio, namely, the right to be free from unreasonable searches and seizures and excessive use of force. Specifically, Defendant Mitchell, under the guise of arrest, kidnapped and/or attempted to kidnap Plaintiff, and transported Plaintiff to a location for the purpose of raping her.

54. On March 7, 2019, Defendant Mitchell was indicted and arrested on federal charges. Among others, he was charged with depriving victims of their constitutional rights while acting as an officer "by kidnapping them under the guise of an arrest and forcing them to engage in sex for freedom."

55. Upon information and belief, prior to February 2018, the City's Division of Police had an investigation pending against Defendant Mitchell. Other red flags about Defendant Mitchell and other officers in the Vice Unit had been raised and were known to or should have been known to the City and Does.

56. The harm visited upon Plaintiff by Defendant Mitchell resulted from the failure of the City and/or Does to act to relieve Defendant Mitchell of his gun and badge when they had a duty to do so because any reasonable employer or supervisor would have done so. The failure to relieve Defendant Mitchell of his gun and badge was the direct result of the City's policy or

custom of "tolerance of acquiescence of federal and state violations by Defendant Mitchell and other members of its Vice Unit." As a direct and proximate result of this policy, the City and/or Does enabled Defendant Mitchell to harm and cause the rape of Plaintiff.

57. Plaintiff sustained damages, including pain and suffering and extreme emotional distress, loss of enjoyment of her life, lost wages, and other losses all in amounts that will be shown when this cause comes on for trial.

58. The conduct of the individual Defendants was willful, malicious, oppressive, and in reckless disregard of the constitutional rights of Plaintiff, thus justifying punitive damages in an amount that will be shown when this matter comes on for trial.

## IV. CLAMS FOR RELIEF

### COUNT ONE

### VIOLATION OF CIVIL RIGHTS PURSUANT TO 42 U.S.C. § 1983

59. Paragraphs 1 through 58 above are realleged and incorporated herein.

60. This is an action brought against Defendant Officers in their individual and official capacities, pursuant to the United States Constitution Amendments IV and XIV, in violation of 42 U.S.C. § 1983 and § 1988.

61. Defendant Officers were acting under the color of law when they wrongfully and without legal justification subjected Plaintiff to unreasonable seizure and excessive force, depriving her of bodily integrity, liberty, and due process of law.

62. As a direct and proximate result of Defendant Officers' acts, omissions, and unreasonable seizure and use of excessive force, Defendant Officers deprived Plaintiff of the rights to be free from unreasonable seizure, the right to be free from excessive force, and the

right to due process of law guaranteed by the Fourth and Fourteenth Amendments of the United States Constitution.

63. Defendant Officers' acts violated Plaintiff's constitutional rights.

64. Defendant Officers' deprivation of Plaintiff's rights caused Plaintiff damages.

## COUNT TWO

### VIOLATION OF CIVIL RIGHTS PURSUANT TO 42 U.S.C. § 1983

65. Paragraphs 1 through 64 above are realleged and incorporated herein.

66. The violation of Plaintiff's constitutional rights by Defendants herein was caused by a municipal policy or custom of the City, which amounted to a policy approved of and authorized by policymakers and superiors within the Columbus Division of Police.

67. The City allowed an informal policy, custom, or practice to become so widespread within the Vice Unit as to constitute a custom or usage with the force of law.

68. The City allowed decisions of employees with final policymaking authority, or those subordinates to whom the authority was delegated, to become the policy, custom, or practice within the Vice Unit as to constitute a custom or usage with the force of law by ratifying and condoning the complained actions.

69. These policies, practices, and customs of the City were the moving force behind the violations of Plaintiff's constitutional rights.

70. The City was deliberately indifferent to proper training or supervision of Defendant Officers, which resulted in violations of Plaintiff's constitutional rights.

71. As a result of the City's policies, practices and customs, and the failure to train and supervise Defendant Officers, the constitutional rights of Plaintiff were violated, and she

suffered damages. Plaintiff is entitled to compensatory damages and attorneys' fees under 42 U.S.C. § 1983.

## COUNT THREE

### VIOLATION OF CIVIL RIGHTS PURSUANT TO 42 U.S.C. § 1983

72. Paragraphs 1 through 71 above are realleged and incorporated herein.

73. Plaintiff has a constitutional right to be free of threats, coercion, and intimidation from Defendant Officers.

74. Plaintiff has a constitutional right to be free of threats, coercion, and intimidation by Defendant Officers for exercising Plaintiff's Fourth and Fourteenth Amendment rights.

75. Defendant Officers violated Plaintiff's constitutional rights as set forth in this Complaint.

76. Defendant Officers' deprivation of Plaintiff's rights caused Plaintiff damages.

I. **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays that this Court award compensatory damages, in an amount to be determined at trial, against all defendants; punitive damages; prejudgment and post-judgment interest; costs; attorneys' fees, and such other relief as the Court may deem appropriate.

Respectfully submitted,

/s/ *David A. Goldstein*
**DAVID A. GOLDSTEIN (0064461)**
**SARA M. VALENTINE (0098685)**
DAVID A. GOLDSTEIN CO., L.P.A.
511 S. High Street
Suite 200
Columbus, Ohio 43215
(614) 222-1889
(614) 222-1899(Fax)
dgoldstein@dgoldsteinlaw.com
svalentine@dgoldsteinlaw.com

*Attorneys for Plaintiff*

## **JURY DEMAND**

Plaintiff requests a trial on all issues triable to a jury.

> /s/ *David A. Goldstein*
> **DAVID A. GOLDSTEIN (0064461)**

15