IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **JANE DOE,** | : | |
| | : | |
| Plaintiff, | : | Case No. 2:20-cv-00459 |
| | : | |
| v. | : | Judge James Graham |
| | : | |
| **ANDREW K. MITCHELL, et al.,** | : | Magistrate Judge Kimberly Jolson |
| | : | |
| Defendants. | : | Demand for Jury Trial |

### DEFENDANT CITY OF COLUMBUS' ANSWER
### TO PLAINTIFF'S COMPLAINT

Defendant City of Columbus ("the City") , by and through counsel, states as follows for its Answer to Plaintiff's Complaint (Doc. 1):

### FIRST DEFENSE

1. The City admits the allegations in ¶ 1 of the Complaint.

2. In response to the allegations in ¶ 2 of the Complaint, the City states that compensatory damages may be awarded pursuant to the statutes cited, but deny that Plaintiff is entitled to any such damages.

3. In response to the allegations in ¶ 3 of the Complaint, the City states that costs and attorneys' fees may be awarded pursuant to the statute and court rule cited, but deny that Plaintiff is entitled to costs and attorneys' fees.

4. In response to the allegations in ¶ 4 of the Complaint, the City admits that it is located in Franklin County, Ohio, and that Plaintiff alleges that events occurred in Franklin County, Ohio.  The City denies so much of the allegations as allege that Defendant Andrew K. Mitchell is employed by the Columbus Division of Police.  The City denies any remaining allegations in ¶ 4

of the Complaint.

5. The City is without information or knowledge sufficient to form a belief as to the truth of the allegations in ¶ 5 of the Complaint and, therefore, denies those allegations.

6. The City denies so much of the allegations in ¶ 6 of the Complaint as allege that Defendant Mitchell is employed by the Columbus Division of Police.  The City is without information or knowledge sufficient to form a belief as to the truth of the remaining allegations in ¶ 6 of the Complaint and, therefore, denies those allegations.

7. The City admits the allegations in the first sentence of paragraph 7 of the Complaint.  The City is without information or knowledge sufficient to form a belief as to the truth of the remaining allegations in ¶ 7 of the Complaint and, therefore, denies those allegations.

8. Paragraphs 8, 9, 10 and 11 of the Complaint contain matters to which no response is necessary.  To the extent a response may be deemed necessary, the City denies the allegations in ¶¶ 8, 9 10 and 11 of the Complaint.

9. The City denies the allegations in ¶¶ 12 and 13 of the Complaint.

10. In response to ¶¶ 14, 15 and 16 of the Complaint, the City admits that Plaintiff is bringing this lawsuit pursuant to federal law and the Constitution and seeks damages from Defendants, but the City denies that Plaintiff is entitled to any damages from the City, and denies any and all remaining allegations in  ¶¶ 14, 15 and 16 of the Complaint.

11. The City admits the allegations in ¶¶ 17 and 18 of the Complaint.

12. In response to the allegations in ¶ 19 of the Complaint, the City denies so much of the first sentence as alleges that Defendant Mitchell was, "at all relevant times," assigned to the Vice Unit because "all relevant times" is not defined and the Complaint does not specify dates on

which the matters about which Plaintiff complains occurred. The City admits that Defendant Mitchell was assigned to the Vice Unit on or about March 12, 2017. The City admits the allegations contained in the second sentence of ¶ 19 of the Complaint.

13. The City admits the allegations in ¶ 20 of the Complaint.

14. In response to the allegations in ¶ 21 of the Complaint, the City denies the allegations in the first sentence that allege that Defendant Mitchell was, "at all relevant times," on duty as a Columbus Vice Officer because "all relevant times" is not defined and the Complaint does not specify dates on which the matters about which Plaintiff complains occurred. The City admits so much of the allegations in the second sentence of ¶ 21 as allege that, when on duty, Defendant Mitchell wore plain clothes and operated an unmarked car. The City admits the allegations in the third sentence of ¶ 21 of the Complaint.

15. The City is without information or knowledge sufficient to form a belief as to the truth of the allegations in ¶¶ 22, 23, 24, 25, 26, 27, 28, 29, 30, 31, 32, 33, 34 and 35 and, therefore, denies those allegations.

16. In response to the allegations in ¶ 36 of the Complaint, the City denies the allegations in the first sentence that allege that Defendant Mitchell was, "at all relevant times," on duty as a Columbus Vice Officer because "all relevant times" is not defined and the Complaint does not specify dates on which the matters about which Plaintiff complaint occurred. The City admits so much of the allegations in the second sentence of ¶ 36 as allege that, when on duty, Defendant Mitchell wore plain clothes and operated an unmarked car. The City admits the allegations in the third sentence of ¶ 36 of the Complaint.

17. The City is without information or knowledge sufficient to form a belief as to the

truth of the allegations in ¶¶ 37, 38, 39, 40, 41, 42, 43, 44, 45, 46, 47, 48, 49, 50 and 51 and, therefore, denies those allegations.

18. Paragraph 52 of the Complaint states a legal conclusion to which no response is necessary. To the extent a response may be deemed necessary, the City denies those allegations.

19. The City is without information or knowledge sufficient to form a belief as to the truth of the allegations in ¶ 53 and, therefore, denies those allegations.

20. The City admits so much of the allegations in ¶ 54 as allege that Defendant Mitchell was indicted on federal charges. The City is without information or knowledge sufficient to form a belief as to the truth of the remaining allegations in ¶ 54 and, therefore, denies those allegations.

21. The City is without information or knowledge sufficient to form a belief as to the truth of the allegations in ¶ 55 and, therefore, denies those allegations.

22. The City denies the allegations in ¶¶ 56, 57 and 58 of the Complaint.

23. In response to ¶ 59 of the Complaint, the City incorporates and restates by reference the above paragraphs 1 through 22 as if fully rewritten herein.

24. Paragraph 60 of the Complaint contains no matters to which a response is necessary. To the extent a response may be necessary, the City denies the allegations in ¶ 60 of the Complaint.

25. The City denies the allegations in ¶¶ 61, 62, 63 and 64 of the Complaint.

26. In response to ¶ 65 of the Complaint, the City incorporates and restates by reference the above paragraphs 1 through 25 as if fully rewritten herein.

27. The City denies the allegations in ¶¶ 66, 67, 68, 69, 70 and 71.

28. In response to ¶ 72 of the Complaint, the City incorporates and restates by reference

4

the above paragraphs 1 through 27 as if fully rewritten herein.

29. Paragraphs 73 and 74 of the Complaint contain no matters to which a response is necessary. To the extent a response may be necessary, the City denies the allegations in ¶¶ 73 and 74 of the Complaint.

30. The City denies the allegations in ¶¶ 75 and 76 of the Complaint.

31. The City denies any and all allegations not specifically admitted herein.

## SECOND DEFENSE

32. Some or all of Plaintiff's claims are barred by the statute of limitations.

## THIRD DEFENSE

33. The City is entitled to all the defenses, immunities and set-offs as provided for in Chapter 2744 of the Ohio Revised Code.

## FOURTH DEFENSE

34. Plaintiff's claims are barred, in whole or in part, by Plaintiff's assumption of the risk and/or comparative fault.

## FIFTH DEFENSE

35. Plaintiff's Complaint fails to state a claim against the City upon which relief can be granted.

## SIXTH DEFENSE

36. This Court lacks jurisdiction over Plaintiff, who is attempting to proceed anonymously.

## SEVENTH DEFENSE

37. Plaintiff's alleged damages must be reduced according to law if there was a failure

to mitigate damages.

## EIGHTH DEFENSE

38. The City reserves the right to assert such additional defenses as may become appropriate as this action proceeds.

**WHEREFORE,** having fully answered Plaintiff's Complaint, the City respectfully requests dismissal of same at Plaintiff's cost.

## JURY DEMAND

The City respectfully requests a trial by jury on all claims so triable.

Respectfully submitted,

**CITY OF COLUMBUS, DEPARTMENT OF LAW**
**ZACH KLEIN, CITY ATTORNEY**

/s/ Janet R. Hill Arbogast
Janet R. Hill Arbogast (0061955)
Joseph M. Gibson (0084587)
Assistant City Attorneys
77 North Front Street, 4th Floor
Columbus, Ohio 43215
(614) 645-7385 (Phone); (614) 645-6949 (Fax)
jrhillarbogast@columbus.gov
jmgibdon@columbus.gov
Attorneys for Defendant City of Columbus

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing was filed electronically on March 27, 2020.  Notice of this filing will be sent to all parties by operation of the Court's electronic filing system.  Parties may access this filing through the Court's system.

/s/ Janet R. Hill Arbogast
Janet R. Hill Arbogast
Assistant City Attorney