# IN THE UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| **JANE DOE,** | : | |
| | : | |
| Plaintiff, | : | Case No. 2:20-cv-00459 |
| | : | |
| v. | : | Judge James L. Graham |
| | : | |
| **ANDREW K. MITCHELL, et al.,** | : | Magistrate Judge Kimberly A. Jolson |
| | : | |
| Defendants. | : | **Jury Demand Endorsed Hereon** |

### DEFENDANT ANDREW K. MITCHELL'S ANSWER AND AFFIRMATIVE DEFENSES

NOW COMES THE DEFENDANT, Andrew K. Mitchell ("Defendant" or "Mitchell"), by and through undersigned counsel, and for his answer and affirmative defenses to the Complaint of Jane Doe ("Plaintiff" or "Doe") (Doc. 1), hereby states as follows:

### I. JURISDICTION AND VENUE:

1. Defendant admits so much of the allegations contained in paragraph 1 of the Complaint as they set forth the statutory bases for jurisdiction relating to civil rights claims but denies that the allegations as set forth in the Complaint confer such jurisdiction in this matter.

2. Defendant admits that Plaintiff seeks compensatory and punitive damages but denies that she is entitled to any such damages.

3. Defendant admits that Plaintiff seeks costs and attorney's fees but denies that she is entitled to any such costs or attorney's fees.

4. Defendant denies in their entirety the allegations and events that Plaintiff asserts as giving rise to this action and therefore states that he is without information sufficient to form a belief as to the truth of the venue allegations contained in paragraph 4 of the Complaint.

Accordingly, Defendant denies that venue is appropriate in this Honorable Court as alleged.

## II. PARTIES

5.      Defendant states that he is without information sufficient to form a belief as to the truth of the allegations contained in paragraph 5 of the Complaint and therefore denies them.

6.      Defendant states that the allegations contained in paragraph 6 of the Complaint set forth legal conclusions to which no answer is required.  To the extent that an answer is required, Defendant denies the allegations.

7.      Defendant admits that the City of Columbus is a political subdivision located in Franklin County, Ohio, and a Municipal Corporation duly organized, existing and operating under the Constitution and statutes of the State of Ohio and the Charter of Columbus, Ohio and that the City employed Defendant as an officer in its Division of Police.   Defendant states that the remaining allegations contained in paragraph 7 of the Complaint set forth legal conclusions to which no answer is required.  To the extent that an answer is required, the Defendant denies the allegations.

## III. FACTS

8.      Defendant states that the allegations contained in paragraph 8 of the Complaint set forth legal conclusions to which no answer is required.  To the extent that an answer is required, Defendant denies the allegations.

9.      Defendant states that the allegations contained in paragraph 9 of the Complaint set forth legal conclusions to which no answer is required.  To the extent that an answer is required, Defendant denies the allegations.

10.     Defendant states that the allegations contained in paragraph 10 of the Complaint set forth legal conclusions to which no answer is required.  To the extent that an answer is

required, Defendant denies the allegations.

11. Defendant states that the allegations contained in paragraph 11 of the Complaint set forth legal conclusions to which no answer is required. To the extent that an answer is required, Defendant denies the allegations.

12. Defendant states that the allegations contained in paragraph 12 of the Complaint set forth legal conclusions to which no answer is required. To the extent that an answer is required, Defendant denies the allegations.

13. Defendant denies the allegations contained in Paragraph 13 of the Complaint.

14. Defendant admits that Plaintiff seeks compensatory and punitive damages for the reasons alleged in paragraph 14 of the Complaint but denies that Plaintiff is entitled to any such compensatory or punitive damages and otherwise denies the allegations contained in paragraph 14 of the Complaint.

15. Defendant admits that Plaintiff seeks monetary damages for the reasons alleged in paragraph 15 of the Complaint but denies that Plaintiff is entitled to any such monetary damages and otherwise denies the allegations contained in paragraph 15 of the Complaint.

16. Defendant states that the allegations contained in paragraph 16 of the Complaint set forth legal conclusions to which no answer is required. To the extent that an answer is required, the Defendant denies the allegations.

17. Defendant admits the allegations contained in paragraph 17 of the Complaint.

18. Defendant admits the allegations contained in paragraph 18 of the Complaint.

19. Defendant states that he is without information sufficient to admit or deny the allegations contained in paragraph 19 as to "all relevant times" as the "relevant times" are undefined. Further responding, Defendant admits that he was employed by the City of

Columbus Division of Police in 2017 and assigned to the Vice Unit since on or about March 12, 2017. Further responding, Defendant admits the allegations contained in the second sentence of paragraph 19.

20. Defendant admits the allegations contained in paragraph 20 of the Complaint.

21. Defendant states that he is without information sufficient to admit or deny the allegations contained in paragraph 21 as to "all relevant times" as the "relevant times" are undefined. Further responding, Defendant admits that he was employed by the City of Columbus Division of Police since March 12, 2017 and assigned to the Vice Unit wearing plain clothes and driving an unmarked police car.

22. Defendant states that he is without information sufficient to form a belief as to the truth of the allegations contained in paragraph 22 of the Complaint and therefore denies them.

23. Defendant states that he is without information sufficient to form a belief as to the truth of the allegations contained in paragraph 23 of the Complaint and therefore denies them.

24. Defendant states that he is without information sufficient to form a belief as to the truth of the allegations contained in paragraph 24 of the Complaint and therefore denies them.

25. Defendant states that he is without information sufficient to form a belief as to the truth of the allegations contained in paragraph 25 of the Complaint and therefore denies them.

26. Defendant states that he is without information sufficient to form a belief as to the truth of the allegations contained in paragraph 26 of the Complaint and therefore denies them.

27. Defendant states that he is without information sufficient to form a belief as to the truth of the allegations contained in paragraph 27 of the Complaint and therefore denies them.

28. Defendant denies the allegations contained in paragraph 28 of the Complaint.

29. Defendant denies the allegations contained in paragraph 29 of the Complaint.

30. Defendant denies the allegations contained in paragraph 30 of the Complaint.

31. Defendant denies the allegations contained in paragraph 31 of the Complaint.

32. Defendant denies the allegations contained in paragraph 32 of the Complaint.

33. Defendant denies the allegations contained in paragraph 33 of the Complaint.

34. Defendant denies the allegations contained in paragraph 34 of the Complaint.

35. Defendant denies the allegations contained in paragraph 35 of the Complaint.

36. Defendant states that he is without information sufficient to admit or deny the allegations contained in paragraph 36 of the Complaint as to "all relevant times" as the "relevant times" are undefined. Further responding, Defendant admits that he was employed by the City of Columbus Division of Police in 2018 and assigned to the Vice Unit wearing plain clothes and driving an unmarked police car. Defendant specifically denies all other allegations contained in paragraph 36 of the Complaint not specifically admitted herein.

37. Defendant states that he is without information sufficient to form a belief as to the truth of the allegations contained in paragraph 37 of the Complaint and therefore denies them.

38. Defendant states that he is without information sufficient to form a belief as to the truth of the allegations contained in paragraph 38 of the Complaint and therefore denies them.

39. Defendant denies the allegations contained in paragraph 39 of the Complaint.

40. Defendant states that he is without information sufficient to form a belief as to the truth of the allegations contained in paragraph 40 of the Complaint and therefore denies them.

41. Defendant states that he is without information sufficient to form a belief as to the truth of the allegations contained in paragraph 41of the Complaint and therefore denies them.

42. Defendant states that he is without information sufficient to form a belief as to the truth of the allegations contained in paragraph 42 of the Complaint and therefore denies them.

43. Defendant denies the allegations contained in paragraph 43 of the Complaint.

44. Defendant denies the allegations contained in paragraph 44 of the Complaint.

45. Defendant denies the allegations contained in paragraph 45 of the Complaint.

46. Defendant denies the allegations contained in paragraph 46 of the Complaint.

47. Defendant denies the allegations contained in paragraph 47 of the Complaint.

48. Defendant denies the allegations contained in paragraph 48 of the Complaint.

49. Defendant denies the allegations contained in paragraph 49 of the Complaint.

50. Defendant denies the allegations contained in paragraph 50 of the Complaint.

51. Defendant denies the allegations contained in paragraph 51 of the Complaint.

52. Defendant states that the allegations contained in paragraph 52 of the Complaint set forth legal conclusions to which no answer is required.  To the extent that an answer is required, Defendant denies the allegations.

53. Defendant denies the allegations contained in paragraph 53 of the Complaint.

54. Defendant admits that he was indicted on federal charges on or about March 7, 2019 and states that the indictment speaks for itself.  Defendant denies all other allegations contained in paragraph 54 of the Complaint not specifically admitted herein.

55. Defendant states that he is without information sufficient to form a belief as to the truth of the allegations contained in paragraph 55 of the Complaint and therefore denies them.

56. Defendant denies the allegations contained in paragraph 56 of the Complaint.

57. Defendant denies the allegations contained in paragraph 57 of the Complaint.

58. Defendant denies the allegations contained in paragraph 58 of the Complaint.

## IV. CLAIMS FOR RELIEF

### COUNT ONE

### VIOLATION OF CIVIL RIGHTS PURSUANT TO 42 U.S.C. § 1983

59. Defendant hereby reasserts his responses to the allegations contained in paragraphs 1 through 58 of the Complaint above as though fully restated here.

60. Defendant states that the allegations contained in paragraph 60 of the Complaint set forth legal conclusions to which no answer is required. To the extent that an answer is required, Defendant denies the allegations.

61. Defendant states that the allegations contained in paragraph 61 of the Complaint set forth legal conclusions to which no answer is required. To the extent that an answer is required, Defendant denies the allegations.

62. Defendant denies the allegations contained in paragraph 62 of the Complaint.

63. Defendant denies the allegations contained in paragraph 63 of the Complaint.

64. Defendant denies the allegations contained in paragraph 64 of the Complaint.

### COUNT TWO

### VIOLATION OF CIVIL RIGHTS PURSUANT TO 42 U.S.C. § 1983

65. Defendant hereby reasserts his responses to the allegations contained in paragraphs 1 through 64 of the Complaint above as though fully restated here.

66. Defendant states that the allegations contained in paragraph 66 of the Complaint set forth legal conclusions to which no answer is required. To the extent that an answer is required, Defendant denies the allegations.

67. Defendant states that he is without information sufficient to form a belief as to the truth of the allegations contained in paragraph 67 of the Complaint and therefore denies them.

7

68. Defendant states that he is without information sufficient to form a belief as to the truth of the allegations contained in paragraph 68 of the Complaint and therefore denies them.

69. Defendant states that the allegations contained in paragraph 69 of the Complaint set forth legal conclusions to which no answer is required. To the extent that an answer is required, Defendant denies the allegations.

70. Defendant states that the allegations contained in paragraph 70 of the Complaint set forth legal conclusions to which no answer is required. To the extent that an answer is required, Defendant denies the allegations.

71. Defendant states that the allegations contained in paragraph 71 of the Complaint set forth legal conclusions to which no answer is required. To the extent that an answer is required, Defendant denies the allegations.

## COUNT THREE

### VIOLATION OF CIVIL RIGHTS PURSUANT TO 42 U.S.C. § 1983

72. Defendant hereby reasserts his responses to the allegations contained in paragraphs 1 through 71 of the Complaint above as though fully restated here.

73. Defendant states that the allegations contained in paragraph 73 of the Complaint set forth legal conclusions to which no answer is required. To the extent that an answer is required, Defendant denies the allegations.

74. Defendant states that the allegations contained in paragraph 74 of the Complaint set forth legal conclusions to which no answer is required. To the extent that an answer is required, Defendant denies the allegations.

75. Defendant denies the allegations contained in paragraph 75 of the Complaint.

76. Defendant denies the allegations contained in paragraph 76 of the Complaint.

77. Defendant states that the remaining allegations contained in the Complaint set forth an *ad damnum* clause to which no response is required. To the extent that an answer is required, Defendant denies the allegations.

78. Defendant denies all allegations contained in the Complaint that are not specifically admitted in the preceding paragraphs of his Answer.

### DEFENSES AND AFFIRMATIVE DEFENSES:

#### *First Defense*

Plaintiff's complaint fails to state a claim upon which relief can be granted.

#### *Second Defense*

Plaintiff's claims are barred in whole or in part by the applicable statute of limitations.

#### *Third Defense*

Plaintiff's claims may barred in whole or in part by the doctrines of assumption of the risk, and/or contributory and/or comparative fault.

#### *Fourth Defense*

Plaintiff's claims are barred because she cannot proceed anonymously in this action acting as a *Jane Doe*.

#### *Fifth Defense*

Plaintiff's claims are barred because she has failed to join necessary and/or indispensable parties under Civil Rule 19.

#### *Sixth Defense*

Defendant intends to rely on the defenses and affirmative defenses that may become available or appear during the course of the litigation, and hereby reserve the right to amend this Answer to assert any such defenses.

*WHEREFORE*, having fully answered the Complaint, Defendant respectfully requests that the Court dismiss the Complaint with prejudice and award Defendant his costs, including reasonable attorney's fees, in defending the action.  Further, Defendant respectfully requests the Court to enter such other and further relief as it deems just and appropriate under the circumstances.

Respectfully submitted,

**WALKER NOVACK LEGAL GROUP, LLC**

/s/ Scott C. Walker\
Thomas J. Novack (0038570)\
Scott C. Walker (0063631)\
5013 Pine Creek Drive\
Westerville, Ohio 43081\
Telephone: (614) 423-8276\
Facsimile: (614) 767-0595\
tom@walkernovack.com\
scott@walkernovack.com

*Attorneys for Defendant Andrew K. Mitchell*

## JURY DEMAND

Defendant hereby demands a jury of the maximum number of jurors allowed by law as to all claims and causes of action so triable.

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the foregoing was served upon all parties of record via the Court's ECF filing system this 20th day of April 2020.

/s/ Scott C. Walker\
*Attorney for Defendants/Counterclaim Plaintiffs*