# IN THE UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | | |
|---|---|---|
| JANE DOE, | : | |
| | : | |
| Plaintiff, | : | Case No. 2:20-cv-00459 |
| | : | |
| v. | : | Judge James Graham |
| | : | |
| ANDREW K. MITCHELL, et al., | : | Magistrate Judge Litkovitz |
| | : | |
| Defendants. | : | |

## MOTION OF DEFENDANT CITY OF COLUMBUS FOR JUDGMENT ON THE PLEADINGS

Defendant City of Columbus, by counsel, respectfully moves to dismiss Plaintiff's claims against it pursuant to Fed R. Civ. P. 12(c).  A memorandum in support of this motion is attached.

Respectfully submitted,

**CITY OF COLUMBUS, DEPARTMENT OF LAW
ZACH KLEIN, CITY ATTORNEY**

/s/ Janet R. Hill Arbogast
Janet R. Hill Arbogast (0061955)
Joseph M. Gibson (0084587)
Assistant City Attorneys
77 North Front Street, 4th Floor
Columbus, Ohio 43215
(614) 645-7385 (Phone); (614) 645-6949 (Fax)
jrhillarbogast@columbus.gov
jmgibson@columbus.gov
Attorneys for Defendant City of Columbus

**MEMORANDUM IN SUPPORT**

I. **PLAINTIFF'S ALLEGATIONS**

Plaintiff Jane Doe filed her complaint pursuant to 42 U.S.C. §1983 on January 27, 2020. (Doc. 1)  Named as defendants are Andrew K. Mitchell, who is a former Columbus police officer, the City of Columbus, and ten John Doe defendants who are allegedly employees of the Columbus Division of Police (CPD). (*Id*., ¶ 6)  Plaintiff asserts claims for false arrest, false imprisonment, rape and use of excessive force. (*Id*., ¶¶ 8-9)  In addition, Plaintiff asserts a claim pursuant to *Monell v. Dept. of Social Services of New York*, 436 U.S. 658 (1977), against the City and the Doe defendants (Doc. 1, ¶ 9), and a claim for declaratory judgment. (*Id*., ¶ 10)

Plaintiff alleges that Defendant Mitchell and Doe defendants 1-10 were officers assigned to CPD's Vice Unit. (*Id.*, ¶ 6)  Plaintiff asserts allegations concerning two separate incidents involving Defendant Mitchell.  First, Plaintiff claims that, on an unspecified date in 2017, Defendant Mitchell was on duty in an unmarked car, Plaintiff approached the car, spoke with Defendant Mitchell, and then got in Defendant Mitchell's car.  Plaintiff claims that Defendant Mitchell then flashed his police badge and said he was with the Vice Unit**.** (*Id*.**,** ¶¶ 21-26) Defendant Mitchell then made a phone call and learned that Plaintiff had outstanding warrants. (*Id*., ¶ 27)  At Defendant Mitchell's request, Plaintiff got in the back seat in order to avoid going to jail. (*Id*.**,** ¶¶ 29-30)  Plaintiff claims that Defendant Mitchell handcuffed one of her hands to the vehicle, pulled her pants down and raped her. (*Id*.**,** ¶¶ 31-33)  Defendant Mitchell then uncuffed Plaintiff and ordered her out of the car and drove away, leaving Plaintiff without some of her clothing. (*Id.,* ¶¶ 34-35)

Second, Plaintiff alleges that, in February 2018, Defendant Mitchell approached her in a different unmarked car and she got in the front seat of the car.  Defendant Mitchell stated he

knew that she had active warrants and she was going to jail this time. (*Id.*, ¶¶ 37-39)  Plaintiff says she knew Defendant Mitchell had a handgun and he flashed his badge at her. (*Id.*, ¶¶ 40-41)  Defendant Mitchell then drove the car towards Jackson Park, then parked the car in the back of a parking lot, cuffed one of Plaintiff's hands to the vehicle, removed her pants and raped her. (*Id.*, ¶¶ 44-46)  Defendant Mitchell then removed the handcuffs, ordered Plaintiff to get out of the car, pushed Plaintiff out, and drove away. (*Id.*, ¶¶ 47-48)

## II.     LAW AND ARGUMENT

The standard applicable to a motion for judgment on the pleadings under Fed. R. Civ. P. 12(c) is the same as the standard for a motion to dismiss for failure to state a claim under Fed. R. Civ. P. 12(b)(6). *Morgan v. Church's Fried Chicken*, 829 F.2d 10, 12 (6th Cir. 1987).  When considering such a motion, the Court should consider the complaint in a light most favorable to the plaintiff, accept all factual allegations as true, and determine whether the plaintiff can prove no set of facts in support of her claims that would entitle her to relief. *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996).  Plaintiff has failed to meet this burden.

Plaintiff brought this action identifying herself only as Jane Doe.  Federal Rule of Civil Procedure 10(a), however, requires complaints to state the names of the parties. *Doe v. Doe*, No. 1:20-cv-1002, 2020 U.S. Dist. LEXIS 10655 (N.D. Ohio June 3, 2020).  Plaintiffs may proceed pseudonymously only in limited circumstances with permission of the court.  Plaintiff has not sought such permission.  Plaintiff has not alleged she is a minor.  "Where victims are not minors, courts are generally less inclined to let the alleged victim proceed in litigation under a pseudonym." *Doe v. Porter*, 370 F.3d 558, 561 (6th Cir. 2004).  "Courts have permitted plaintiffs to proceed anonymously '[w]here the issues involved are matters of a sensitive and highly personal nature,' such as birth control, abortion, homosexuality or the welfare rights of

2

illegitimate children or abandoned families,' in cases in which the plaintiffs "'were challenging the constitutional, statutory or regulatory validity of government activity.'" *G.E.G. v. Shinseki*, No. 1:10-cv-1124, 2012 U.S. Dist. LEXIS 13973, 2012 WL 381589 (W.D. Mich. Feb. 6, 2012), quoting *S. Methodist Univ. Ass'n of Women Law Students v. Wynne & Jaffe*, 599 F. 2d 707, 717-13 (5th Cir. 1979).  Also, there is "a presumption in favor of disclosure of a party's name." *Doe v. Deschamps*, 64 F.R.D. 652 (D. Mont. 1974), and *Doe H. v. Haskell Indian Nations Univ.*, No. 16-2727-JTM, 2017 U.S. Dist. LEXIS 110899, 2017 WL 3037541 (Dist. Kan. July 17, 2017).

Failing to seek permission to proceed pseudonymously is fatal to an anonymous plaintiff's case because federal courts lack jurisdiction over the unnamed parties, as a case has not been commenced with respect to them.'" *G.E.G.,* 2012 U.S. Dist. LEXIS 13973 at *8, quoting *Nat'l Commodity & Barter Ass'n, Nat'l Commodity Exch. v. Gibbs,* 886 F.2d 1240, 1245 (10th Cir. 1989).  Plaintiff here has not sought permission of the court to proceed pseudonymously and such failure is fatal to her case.

### III. CONCLUSION

Based on the foregoing, Defendant City of Columbus respectfully requests that its motion for judgment on the pleadings be granted and judgment entered in its favor.

Respectfully submitted,

**CITY OF COLUMBUS, DEPARTMENT OF LAW**
**ZACH KLEIN, CITY ATTORNEY**

/s/ Janet R. Hill Arbogast
Janet R. Hill Arbogast (0061955)
Joseph M. Gibson (0084587)
Assistant City Attorneys
77 North Front Street, 4th Floor
Columbus, Ohio 43215
(614) 645-7385 (Phone); (614) 645-6949 (Fax)
jrhillarbogast@columbus.gov
jmgibson@columbus.gov
Attorneys for Defendant City of Columbus

3

**CERTIFICATE OF SERVICE**

I hereby certify that the foregoing was filed electronically on September 8, 2020. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

/s/ Janet R. Hill Arbogast<br>
Janet R. Hill Arbogast<br>
Assistant City Attorney