**IN THE UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| JANE DOE, | : | CASE NO.: 2:20-cv-00459 |
| | : | |
| Plaintiff, | : | JUDGE GRAHAM |
| | : | |
| vs. | : | MAGISTRATE JUDGE LITKOVITZ |
| | : | |
| ANDREW K. MITCHELL, *et al.*, | : | |
| | : | |
| Defendants. | : | |

**PLAINTIFF'S MOTION FOR LEAVE TO PROCEED PSEUDONYMOUSLY, OR IN
THE ALTERNATIVE, MOTION FOR LEAVE TO AMEND PLAINTIFF'S
COMPLAINT**

Now comes Plaintiff Jane Doe, by through her counsel David A. Goldstein Co., L.P.A.,

and respectfully requests that this Court grant her leave to proceed pseudonymously as "Jane Doe,"

or, in the alternative, grant Plaintiff leave to amend her Complaint. The grounds in support of this

Motion are set forth in the Memorandum in Support, attached hereto and incorporated herein.


Respectfully submitted,


*/s/ David A. Goldstein*
**DAVID A. GOLDSTEIN (0064461)**
DAVID A. GOLDSTEIN CO., L.P.A.
511 South High Street
Suite 200
Columbus, Ohio 43215
(614) 222-1889
(614) 222-1899 (Fax)
E-mail:  dgoldstein@dgoldsteinlaw.com
*Trial Attorney for Plaintiff*

*/s/ Sara M. Valentine*
**SARA M. VALENTINE (0098685)**
DAVID A. GOLDSTEIN CO., L.P.A.
511 South High Street
Suite 200
Columbus, Ohio 43215
(614) 222-1889
(614) 222-1899 (Fax)
E-mail:  svalentine@dgoldsteinlaw.com
*Attorney for Plaintiff*

## MEMORANDUM IN SUPPORT

### I.  STATEMENT OF FACTS

Plaintiff Jane Doe ("Doe") filed suit against Defendant Mitchell, who is a former Columbus police officer, the City of Columbus ("Defendant Columbus"), and ten John Doe defendants ("Defendant Does") in their capacity as employees of the City of Columbus in its Department of Public Safety, Division of Police. (Doc. 1).

In 2017, in his official capacity as a police officer employed by Defendant Columbus, Defendant Mitchell approached Doe in in an unmarked vehicle, Defendant Mitchell and Doe engaged in a conversation, where after Doe entered the front passenger seat of Defendant Mitchell's vehicle. (*Id.*, ¶¶ 21-25). After the conversation completed, Defendant Mitchell flashed his badge, indicated that he was with the City of Columbus Police Department's Vice Unit ("Vice Unit"), and used his radio to contact the Vice Unit from his vehicle while Doe remained in the front seat. (*Id.*, ¶¶ 25-26). Defendant Mitchell then used his cell phone to contact an unknown individual. (*Id.*, ¶ 27). Doe overheard the unknown individual tell Defendant Mitchell that Doe had "active warrants." (*Id.*). At that point, Defendant Mitchell drove Doe to a parking lot and ordered Doe to get in the back seat if she did not want to "go to jail." (*Id.*, ¶¶ 28-29). Afraid for her life, Doe did as she was ordered and entered into the back seat. (*Id.*, ¶¶ 30-31). Defendant Mitchell then proceeded to

handcuff Doe to the vehicle, he exited the driver's seat of the vehicle, opened the back seat to the vehicle, and proceeded to rape Doe. (*Id*., ¶¶ 31-33). Defendant Mitchell removed the handcuffs, ordered Doe out of the vehicle, and drove away, leaving Doe without most of her clothing in the unknown parking lot. (*Id*., ¶¶ 34-35).

In February 2018, Defendant Mitchell again approached Doe in an unmarked vehicle while he was working in the course and scope of his employment with Defendant Columbus. (*Id*., ¶¶ 36-37). Doe approached Defendant Mitchell's vehicle as she did not recognize the vehicle and entered into the front seat. (*Id*., ¶¶ 38). Once Doe entered into the vehicle, she immediately recognized Defendant Mitchell, who told Doe, "You're going to jail this time . . . I know that you have warrants out for your arrest." (*Id*., ¶¶ 38-39). Doe knew that Defendant Mitchell had a handgun and proceeded to flash his badge at her after she entered into the vehicle. (*Id*., ¶¶ 39-41). Defendant Mitchell then drove the vehicle towards Jackson Park, then parked the car in the back of a parking lot, cuffed one of Doe's hands to the vehicle, removed her pants, and raped her. (*Id*., ¶¶ 44-46). Defendant Mitchell then removed the handcuffs, ordered Doe to get out of the vehicle, pushed Doe out, and drove away. (*Id*., ¶¶ 47-48).

As a result, Doe has asserted claims for false arrest, false imprisonment, rape, and use of excessive force, among others. (*Id*., ¶¶ 8-9). Additionally, Doe has asserted a *Monell v. Department of Social Services of New York*, 436 U.S. 658 (1978) action against Defendant Columbus and Defendant Does. (*Id*., ¶ 9).

As a result of this incident and others, Defendant Mitchell was indicted by a Federal Grand Jury. At the time of the filing Plaintiff feared for her safety and wanted to ensure privacy from media outlets.

## II. LAW AND ARGUMENT

### a. Plaintiff should be allowed to proceed pseudonymously.

This Court has the sound discretion to allow a party to proceed pseudonymously. *Doe v. Warren Cty., Ohio*, No. 1:12-cv-789, 2013 WL 684423, at *2 (S.D. Ohio Feb. 25, 2013); *Doe v. Porter*, 370 F.3d 558, 560 (6th Cir. 2004). Although public policy generally favors public access to judicial proceedings, in certain circumstances, however, courts may excuse plaintiffs from identifying themselves. *Doe No. 1 v. Springboro Cmty. City Sch. Dist.*, No. 1:19-CV-785, 2020 WL 3048191, at *2 (S.D. Ohio June 8, 2020); *Citizens for a Strong Ohio v. Marsh*, 123 F. App'x 630, 636-37 (6th Cir. 2005). The basic consideration for determining whether a plaintiff should be allowed to proceed pseudonymously is **"whether a plaintiff's privacy interests substantially outweigh the presumption of open judicial proceedings."** (Emphasis added.). *Doe No. 1*, 2020 WL 3048191, at *2 citing *Porter*, 370 F.3d at 560. The Court of Appeals for the Sixth Circuit has identified several factors for courts to consider in this analysis:

> (1) whether the plaintiffs seeking anonymity are suing to challenge governmental activity; (2) whether prosecution of the suit will compel the plaintiffs to disclose information "of the utmost intimacy"; (3) whether the litigation compels plaintiffs to disclose an intention to violate the law, thereby risking criminal prosecution; and (4) whether the plaintiffs are children.

*Porter*, 370 F.3d at 558 citing *Doe v. Stegall*, 653 F.2d 180, 185-86 (5th Cir. 1981). This case implicates the first two *Porter* factors.

### i. The Plaintiff seeking anonymity is suing to challenge governmental activity.

The first factor is present in this case, as Plaintiff is challenging government activity. Plaintiff's Complaint alleges civil rights violations arising out of Plaintiff's detention and subsequent rape by Defendant Mitchell. (Doc. 1, ¶¶ 8, 15, 37-47, 53). Plaintiff is alleging that

4

Defendant Mitchell, while employed as a police officer with Defendant City of Columbus, raped Plaintiff while in the course and scope of his employment as a police officer. (*Id*.). Therefore, the first factor is present.

### ii. Prosecution of this lawsuit will compel Plaintiff to disclose information "of the utmost intimacy."

Intimate details regarding Plaintiff's rape by Defendant Mitchell will not only require her to reveal details of the utmost privacy but will force Plaintiff to publicly relive a traumatic experience in the public eye. This Court has previously held that disclosure of the identity of a party who was sexually assaulted equates to disclosure of information "of the utmost privacy." *NMIC Ins. Co. v. Smith*, No. 2:18-CV-533, 2018 WL 7859755, at *2 (S.D. Ohio Oct. 24, 2018) citing *Stegall*, 653 F.2d at 185-86. In *NMIC Ins. Co.*, Defendant Jane Doe alleged battery, assault, and sexual misconduct against her former chiropractor, Defendant Smith. *Id*. In granting Defendant Jane Doe's Motion for Leave to Proceed Anonymously, this Court relied on other courts' findings that the privacy interests of alleged sexual assault victims outweigh the presumption in favor of openness:

> Courts throughout the country have routinely found that the privacy interests of alleged sexual assault victims outweigh the presumption in favor of openness. *See Doe v. Blue Cross & Blue Shield United of Wisconsin*, 112 F.3d 869, 872 (7th Cir. 1997) ("fictitious names are allowed when necessary to protect the privacy of ... rape victims, and other particularly vulnerable parties or witnesses."); *K.S. v. Detroit Pub. Sch.*, No. 14-12214, 2015 WL 13358204, at *3 (E.D. Mich. July 22, 2015) (allowing alleged sexual assault victim to proceed anonymously). **Defendant Jane Doe also correctly points out that the public interest weighs in favor of allowing her to proceed anonymously so that other victims will not be deterred from coming forward**. *See e.g. Doe No. 2 v. Kolko*, 242 F.R.D. 193, 195 (E.D.N.Y. 2006) ("the public generally has a strong interest in protecting the identities of sexual assault victims so that other victims will not be deterred from reporting such crimes"). **Under the circumstances, the Court finds compelling reasons to protect Defendant Jane Doe's privacy and shield her from discrimination and harassment.**

(Emphasis added.) *NMIC Ins. Co.*, 2018 WL 7859755, at *2.

The privacy interests that were of concern to this Court in *NMIC Ins. Co.* are present in this case, if not more so. If required to proceed under her real name, Doe would unquestionably be required to disclose information of the utmost intimacy, which would then be available to the public indefinitely. Doe's underlying allegations against Defendant Mitchell include allegations of rape and sexual assault. Specifically, Doe alleges that Defendant Mitchell detained her in his vehicle, handcuffed her to his vehicle, and raped her, all while Defendant Mitchell had claimed to be transporting Doe to jail under the color of law. Doe has a professional job and has made efforts to change her identity so that she could move on with her life in a productive way. As such, having her name disclosed would not only lead to public embarrassment, which has, in and of itself, been held to be sufficient to justify anonymity, but could also affect her professionally and personally.

### iii. Allowing Doe to proceed pseudonymously will cause no foreseeable prejudice.

Moreover, allowing Doe to proceed under a pseudonym will not prejudice Defendants in any conceivable way. Plaintiff's identity has been made available to the public in the criminal case proceeding against Defendants.[1] Defendants have not asked the undersigned to disclose Doe's identity, nor (to the knowledge of the undersigned) has Defendant endeavored to ascertain the same. However, to avoid any potential prejudice, Doe is willing to allow her counsel to privately inform counsel for Defendants of her identity.

---

[1] *See United States v. Mitchell*, Case No. 2:19-cr-00053 (United States District Court, Southern District of Ohio).

**b. In the alternative, if Plaintiff's Motion to Proceed Pseudonymously is denied, this Court should allow Plaintiff Leave to Amend Plaintiff's Complaint.**

If this Court denies Plaintiff's Motion to Proceed Pseudonymously is denied, then this Court should allow Plaintiff leave to amend her Complaint so that Plaintiff "Jane Doe" can be substituted for the named Plaintiff. Pursuant to Fed. R. Civ. P. 15(a), "leave to amend a pleading shall be freely given when justice so requires." *Coe v. Bell*, 161 F.3d 320, 341 (6th Cir. 1998) quoting *Brooks v. Celeste*, 39 F.3d 125, 130 (6th Cir. 1994). Rule 15(a) embodies a "liberal policy of permitting amendments to ensure the determination of claims on their merits." *Marks v. Shell Oil Co.*, 830 F.2d 68, 69 (6th Cir. 1987). In deciding a party's motion for leave to amend, the Sixth Circuit Court of Appeals has instructed district courts to consider several elements, including "[u]ndue delay in filing, lack of notice to the opposing party, bad faith by the moving party, repeated failure to cure deficiencies by previous amendments, undue prejudice to the opposing party, and futility of amendment. . . ." *Doe No. 1*, 2020 WL 3048191, at *3 citing *Brooks*, 39 F.3d at 130. In the absence of any of these findings, leave should be "freely given." *Doe No. 1*, 2020 WL 3048191, at *3 citing *Foman v. Davis*, 371 U.S. 178, 182 (1962).

At no point in this case has Plaintiff acted with bad faith, undue delay, nor dilatory motive. *See Coe*, 161 F.3d at 341. Moreover, Plaintiff's proposed amendment is not **obviously** futile as Plaintiff has asserted viable claims against Defendants, including allegations of sexual misconduct and infringements upon her civil rights. (Emphasis added.) *See Bear v. Delaware Cnty., Ohio*, No. 2:14-CV-43, 2015 WL 1954451, at *3 (S.D. Ohio Apr. 28, 2015) ("At this stage of the litigation, this Court is charged with determining whether the futility of an amendment is so **obvious** that it should be disallowed." (Emphasis added.)); *see also Fenley v. Wood Grp. Mustang, Inc.*, No. 2:15-CV-326, 2016 WL 10570260, at *3 (S.D. Ohio Nov. 21, 2016) (same).

Further, this case is still in the early stages of litigation, and as such, there is no prejudice

to Defendants if leave is granted. Neither Defendant City of Columbus nor Defendant Mitchell have answered Plaintiff's discovery requests. In fact, as indicated on the September 8, 2020 Telephonic Status Conference, Plaintiff has given Defendant Mitchell additional time to respond until after this Court has ruled on Defendant Mitchell's Motion for Judgment on the Pleadings. Under such circumstances, leave to amend should be freely given. *Foman*, 371 U.S. at 182.

### III. CONCLUSION

For the foregoing reasons, this Court should, respectfully, grant Doe leave to proceed pseudonymously, or, in the alternative, grant Doe leave to amend Plaintiff's Complaint.

Respectfully submitted,

/s/ David A. Goldstein
**DAVID A. GOLDSTEIN (0064461)**
DAVID A. GOLDSTEIN CO., L.P.A.
511 South High Street
Suite 200
Columbus, Ohio 43215
(614) 222-1889
(614) 222-1899 (Fax)
E-mail: dgoldstein@dgoldsteinlaw.com
*Trial Attorney for Plaintiff*

/s/ Sara M. Valentine
**SARA M. VALENTINE (0098685)**
DAVID A. GOLDSTEIN CO., L.P.A.
511 South High Street
Suite 200
Columbus, Ohio 43215
(614) 222-1889
(614) 222-1899 (Fax)
E-mail: svalentine@dgoldsteinlaw.com
*Attorney for Plaintiff*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a copy of the foregoing document has been sent via Electronic Mail this 29th day of September 2020 to **Scott C. Walker, Esq.**, Attorney for Defendant Andrew K. Mitchell, at Walker Novack Legal Group, LLC, 5013 Pine Creek Drive, Westerville, Ohio 43081, tom@walkernovack.com, **Thomas J. Novack, Esq.**, Attorney for Defendant Andrew K. Mitchell, at Walker Novack Legal Group, LLC, 5013 Pine Creek Drive, Westerville, Ohio 43081, scott@walkernovack.com, **Janet R. Hill Arbogast, Esq.**, Attorney for Defendant City of Columbus, at City of Columbus, Department of Law, 77 North Front Street, 4th Floor, Columbus, Ohio 43215, jrhillarbogast@columbus.gov, and, **Joseph M. Gibson, Esq.**, Attorney for Defendant City of Columbus, at City of Columbus, Department of Law, 77 North Front Street, 4th Floor, Columbus, Ohio 43215, jmgibson@columbus.gov.


*/s/ David A. Goldstein_____*
**DAVID A. GOLDSTEIN (0064461)**