# IN THE UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | | |
|---|---|---|
| **JANE DOE,** | : | |
| | : | |
| Plaintiff, | : | Case No. 2:20-cv-00459 |
| | : | |
| v. | : | Judge James L. Graham |
| | : | |
| **ANDREW K. MITCHELL, et al.,** | : | Magistrate Judge Litkovitz |
| | : | |
| Defendants. | : | |

---

### DEFENDANT ANDREW K. MITCHELL'S REPLY IN SUPPORT OF HIS MOTION FOR JUDGMENT ON THE PLEADINGS AND MEMORANDUM IN OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO PROCEED PSEUDONYMOUSLY OR, IN THE ALTERNATIVE, MOTION FOR LEAVE TO AMEND PLAINTIFF'S COMPLAINT

---

NOW COMES THE DEFENDANT, Andrew K. Mitchell ("Mitchell"), by and through undersigned counsel, and hereby replies to the plaintiff's Memorandum Contra to the Motion for Judgment on the Pleadings filed by the defendant, City of Columbus (the "City"), and joined by Mitchell.  Because plaintiff's only argument is that the Motion for Judgment on the Pleadings would be moot if the Court grants plaintiff either leave to proceed pseudonymously or leave to amend the complaint to proceed under plaintiff's true identity, Defendant Mitchell's memorandum will focus on opposing those untimely and futile requests, filed on September 29, 2020 (Doc. #19).  Points and authorities are included in the attached Memorandum.

                                                      Respectfully submitted,

                                                      ***WALKER NOVACK LEGAL GROUP, LLC***

                                                      /s/ Scott C. Walker_____
                                                      Thomas J. Novack (0038570)
                                                      Scott C. Walker (0063631)
                                                      5013 Pine Creek Drive

Westerville, Ohio 43081
Telephone: (614) 423-8276
Facsimile: (614) 767-0595
tom@walkernovack.com
scott@walkernovack.com

*Attorneys for Defendant Andrew K. Mitchell*

**MEMORANDUM**

I.     **FACTUAL AND PROCEDURAL BACKGROUND**

On January 27, 2020 plaintiff, proceeding as "Jane Doe" in order to protect her identity "due to fear for her safety from Defendant and others" (*see* Complaint at ¶5 (Doc. #1), filed a complaint against Mitchell and the City alleging three counts of violations of her civil rights pursuant to 42 U.S.C. §1983. Plaintiff's allegations stem from two separate incidents in which she alleges that Mitchell, a Columbus Police Officer, used his authority as a City police officer operating in the Vice Unit to falsely arrest, detain, and sexually assault her. *Id.* at ¶¶8, 11. First, plaintiff claims that on an unknown day in 2017 "at some point during his vice investigations" plaintiff got into the front seat of Mitchell's unmarked Jeep and he flashed his badge indicating he was with the Vice Unit. *Id.* at ¶¶23-26. Plaintiff alleges that Mitchell proceeded to drive her to an unknown park's parking lot, handcuff her to the vehicle, bite her on the back, and rape her. *Id.* at ¶¶28-33.

Plaintiff next claims that on an unknown day in February 2018 plaintiff got into the front passenger seat of his unmarked black Cadillac when she immediately recognized him, and he flashed his badge threatening to take her to jail. Complaint at ¶¶37-41. She claims that Mitchell drove her to an unknown parking lot, handcuffed her to the vehicle and raped her a second time. *Id.* at ¶¶42-46. Defendant Mitchell filed his Answer and Affirmative Defenses on April 20, 2020 in which he denies all of the allegations and asserts that plaintiff's claims are barred, among other reasons, by the applicable statute of limitations. *See* Answer and Affirmative Defenses (Doc. # 10), *Second Defense*.

On September 8, 2020 the City filed a Motion for Judgment on the Pleadings (Doc. # 16) that Mitchell joined on September 9, 2020 (Doc. #18) (the "Motion"). The Motion asserts that plaintiff's failure to seek permission of the Court to proceed pseudonymously is fatal to the

3

action in its entirety and that, accordingly, the Complaint must be dismissed.  *See* Motion at 3 ("Failing to seek permission to proceed pseudonymously is fatal to an anonymous plaintiff's case because federal courts lack jurisdiction over the unnamed parties, as a case has not been commenced with respect to them) citing *G.E.G. v. Shinseki,* No. 1:10-cv-1124, 2012 U.S. Dist. LEXIS 13973, 2012 WL 381589 (W.D. Mich. Feb. 6 2012), quoting *Nat'l Commodity & Barter Ass'n, Nat'l Commodity Exch. V. Gibbs*, 886 F.2d 1240, 1245 (10th Cir. 1989).

In response, plaintiff concedes that this matter must be dismissed unless the Court grants plaintiff leave to either proceed pseudonymously or to amend the complaint to reveal her name for the first time in this litigation.  *See* Plaintiff's Memorandum Contra to Defendants' Motion for Judgment on the Pleadings (Doc. #20) ("Memo Contra") (arguing ***only*** that Defendants' Motion "will be rendered moot" if the Court grants leave as requested); *see also* Motion for Leave to Proceed Pseudonymously, or in the Alternative, Motion for Leave to Amend Plaintiff's Complaint, filed September 29, 2020. (Doc. #19) ("Motion for Leave").

As set forth below, however, plaintiff is not excused from her failure to identify herself at the outset of this case and the attempted "end around" requests for leave are untimely and futile.  First, plaintiff failed to request permission in this matter to proceed pseudonymously at any time prior to the recent request to do so.  As other Courts have found, the failure to do so is fatal because the federal courts lack jurisdiction over unnamed parties as a case has not been commenced with respect to them.  Furthermore, plaintiff's requests are futile because the statute of limitations clearly bars any further proceedings.  Indeed, even if the Court allowed Plaintiff to proceed pseudonymously or in her own name, the amended Complaint would not "relate back" to the original filing.  Accordingly, the matter must be dismissed with prejudice.

4

## II. LAW AND ARGUMENT

### a. Plaintiff Does Not Meet the Heavy Burden of Showing That Her Privacy Interests Substantially Outweigh the Presumption of Open Judicial Proceedings.

As set forth in the Motion, the Civil Rules expressly require that "the complaint must name all the parties." Fed. R. Civ. P. 10(a); *see also, Ericksen v. United States*, 2017 U.S. Dist. LEXIS 8002, 2017 WL 264499 at *1 (E.D. Mich., Jan. 20, 2017) ("[t]he public disclosure of the identities of parties in a lawsuit is required by Federal Rule of Civil Procedure 10(a)"). Proceeding pseudonymously is the exception rather than the rule, and the plaintiff faces a "heavy burden" to avoid her obligation under the rules to disclose her identity. *Doe v. Warren Cnty., Ohio*, No. 1:12-cv-789, 2013 U.S. Dist. LEXIS 25423, 2013 WL 684423, at *2-3 (S.D. Ohio Feb. 25, 2013).

In order to decide whether such an exception is justified, Courts balance the factors identified by the Sixth Circuit in *Doe v. Porter* to determine whether plaintiff's privacy interests "substantially outweigh the presumption of open judicial proceedings." *Doe v. Porter*, 370 F.3d 558, 560 (6th Cir. 2005). Those factors include: (1) whether the plaintiffs seeking anonymity are suing to challenge governmental activity; (2) whether prosecution of the suit will compel the plaintiffs to disclose information "of the utmost intimacy"; (3) whether the litigation compels plaintiffs to disclose an intention to violate the law, thereby risking criminal prosecution; and (4) whether the plaintiffs are children. *Id.* (footnote added) (citing *Doe v. Stegall*, 653 F.2d 180, 185-86 (5th Cir. 1981)). It is also relevant for the Court to consider whether permitting a plaintiff to proceed under a pseudonym would deprive the defendants of sufficient information to defend against plaintiff's case. *See id.* at 561; *Doe v. Univ. of Akron*, No. 5:15-cv-2309, 2016 U.S. Dist. LEXIS 192433, at *5-6 (N.D. Ohio Feb. 3, 2016).

Plaintiff has failed to meet the "heavy burden" that her privacy interests "substantially

outweigh the presumption of open judicial proceedings." While plaintiff has arguably established that the second *Porter* factor may exist in this case, she has failed to demonstrate the existence of any others. Plaintiff is obviously not a child and the litigation does not compel any intention on her part to violate the law. Thus, factors 3 and 4 are completely absent. And although plaintiff attempts to argue that she is challenging government activity under factor one, her argument in that regard is weak at best. Indeed, the gravamen of the complaint is an alleged sexual assault by Mitchell, not a challenge to a specific written law or policy. *See* Motion for Leave at 4-5 ("Plaintiff is alleging that Defendant Mitchell, while employed as a police officer with Defendant City of Columbus, raped Plaintiff while in the course and scope of his employment as a police officer"). As set forth in *Shinseki*, factor one applies in cases where, unlike here, "plaintiff challenges governmental activity such as a policy or statute." *See Shinseki*, 2012 U.S. Dist. LEXIS 13973 at *5. Because plaintiff does not allege a challenge to a policy or statute, *Porter* factor one does not apply here either.

Moreover, permitting plaintiff to proceed under a pseudonym would deprive the defendants of sufficient information to defend against plaintiff's case. *Porter*; *Doe v. Univ. of Akron, supra.* Although plaintiff argues that her identity has been made available to the public in the criminal case (*see* Motion for Leave, Doc. #19, at 6), the plaintiff has never mentioned her identity in this litigation and the defendant is not required to "guess" who has asserted these claims against him. Indeed, Civil Rule 10 makes that abundantly clear. In short, the plaintiff is not entitled to play "hide-and-go-seek" with her identity; rather she is required at the first instance to identify herself. Because she has failed to do so her complaint must be dismissed.

### b. Plaintiff's Failure to Seek Permission to Proceed Pseudonymously Bars Her Complaint.

Failure by a plaintiff to obtain court approval to proceed anonymously deprives the Court

of jurisdiction to hear the matter. *See Citizens for a Strong Ohio v. Marsh*, 123 Fed. Appx. 630, 636 (6th Cir., Jan. 3, 2005). ("[f]ailure to seek permission to proceed under a pseudonym is fatal to an anonymous plaintiff's case, because . . . the federal courts lack jurisdiction over the unnamed parties, as a case has not been commenced with respect to them"); *see also Doe v. Carson*, No. 1:18-cv-1231, 2019 U.S. Dist. LEXIS 75015, at *2-3 (W.D. Mich. Jan. 4, 2019) (same). At no time in this litigation, until now, has the plaintiff sought permission to proceed under a pseudonym. Although the court in *Shinseki* found that the plaintiff in that case had sought permission through an allegation in the complaint, no such allegation appears in this complaint. *See Shinseki*, 2012 U.S. Dist. LEXIS 13973 at *8-9 (finding allegation that plaintiff "seeks to proceed under a pseudonym due to the private nature of his disabilities" as a request for permission to proceed anonymously). In fact, the **_only_** allegation in the complaint regarding plaintiff's anonymity is simply an assertion as to **_why_** she refused to identify herself: "Plaintiff Jane Doe is an individual whose identity is being protected due to fear for her safety from Defendants and others." Complaint (Doc. #1) at 2, ¶5. That allegation is nothing more than a statement explaining her failure to identify herself and, moreover, it does not even arguably touch upon a single *Porter* factor. Accordingly, this Court does not have jurisdiction in this matter because a case has not commenced. Therefore, it must be dismissed.

      **c. Plaintiff's Requests for Leave are Futile Because Her Claims Are Time-Barred by the Applicable Statute of Limitations.**

Even if the Court were to allow the plaintiff to amend her complaint to identify herself or allow her to proceed pseudonymously, the claims that she has alleged are clearly time-barred. For starters, since this Court has never obtained jurisdiction over the plaintiff due to her failure to seek permission to proceed anonymously, allowing her to do so now is untimely. Moreover, even an amendment to the complaint allowing the plaintiff to add her true identify would be

7

futile in any event. *See*, *e.g.*, *Willis v. Comm'r of Soc. Sec.*, No. 1:18-cv-158, 2018 U.S. Dist. LEXIS 206307, at *2 (S.D. Ohio Dec. 6, 2018) (listing factors to be considered in allowing amendment of complaint, including undue delay and futility of amendment).[1] The test for futility is whether the amended complaint could survive a Fed. R. Civ. P. 12(b)(6) motion to dismiss. *Rose v. Hartford Underwriters Ins. Co.*, 203 F.3d 417, 421 (6th Cir. 2000). The plaintiff's claims are all time-barred, so an amended complaint naming the plaintiff's true identity would not survive a motion to dismiss.

To be sure, an amendment to the complaint adding the plaintiff's true identity does not "relate back" to the original filing date. "[T]he precedent of this circuit clearly holds that ***'an amendment which adds a new party creates a new cause of action and there is no relation back to the original filing for purposes of limitations***.'" *In re Kent Holland Die Casting & Plating, Inc.*, 928 F.2d 1448, 1449 (6th Cir. 1991) (quoting *Marlowe v. Fisher Body*, 489 F.2d 1057, 1064 (6th Cir. 1973)(emphasis added); *see also United States ex rel. Statham Instruments, Inc. v. Western Cas. & Surety Co.*, 359 F.2d 521, 523 (6th Cir. 1966) (stating that, when "[t]he effect of Plaintiff's amendment is to add another party[,]" it "establishes a new and independent cause of action which cannot be maintained when the statute has run, for the amendment is one of substance rather than one of form and brings into being one not presently in court"); *Smart v. Ellis Trucking Co., Inc.*, 580 F.2d 215, 218 (6th Cir. 1978) (same).

Indeed, the plain language of Rule 15(c) does not authorize an amendment adding the true plaintiff. *See Fed. R. Civ. P.* 15(c)(1)(B) (allowing relation back of an amendment asserting a "claim or defense," not authorizing the relation back of an amendment adding a new party). Similarly, Rule 15(c)(1)(C) permitting relation back of an amendment changing a party or its

---

[1] Although not the main focus of this brief, the plaintiff's request for leave to amend is also nine months from the inception of the case, which constitutes an undue delay that should also be grounds for denial of the request.

8

name applies, by its plain language, to changes *to defendants*. *See* Rule 15(c)(1)(C) (authorizing relation back of an amendment that "changes the party or the naming of the party *against whom a claim is asserted*[.]") (emphasis added).

Although various courts have extended the relation-back provisions of Rule 15(c)(1)(C) to amendments changing identities of plaintiffs, *see, e.g., Young ex rel. Nutramax Litig. Trust v. Lepone*, 305 F.3d 1, 14 (1st Cir. 2002); *SMS Fin., LLC v. ABCO Homes, Inc.*, 167 F.3d 235, 244-45 (5th Cir. 1999); *Nelson v. County of Allegheny*, 60 F.3d 1010, 1014 (3d Cir. 1995), the type of "changes" permitted are limited to corrections of misnomers or misdescriptions. *See In re Kent Holland Die Casting & Plating, Inc.*, 928 F.2d at 1450; *Cox v. Treadway*, 75 F.3d 230, 240 (6th Cir. 1996) (holding that substitution of a "John Doe" defendant with a named party is not a misnomer but a "change in parties" that does not relate back); *Asher v. Unarco Material Handling, Inc.*, 596 F.3d 313, 318-19 (6th Cir. 2010) (same). Thus, substituting Jane Doe with the true plaintiff in this matter would not be a correction to a misnomer or misdescription, but rather a "change in parties" that does not relate back.

Plaintiff's complaint, filed on January 27, 2020, asserts three counts of violations of 42 U.S.C. §1983 against Mitchell causing her personal injuries. As set forth above, those allegations relate to two separate incidents in 2017 and February 2018 where Mitchell allegedly kidnapped and raped the plaintiff. *See* Complaint (Doc. #1) at ¶1 (alleging claims based upon false arrest, false imprisonment and rape). The statute of limitations for actions based upon 42 U.S.C. §1983 in Ohio is two years. *See Mathis v. Columbus Police Dep't & Emples.*, No. 2:10-CV-0049, 2010 U.S. Dist. LEXIS 87684, at *4-5 (S.D. Ohio Aug. 2, 2010) (discussing statute of limitations for 1983 actions and barring complaint as untimely) citing *Browning v. Pendleton,* 869 F.2d 989, 992 (6th Cir. 1989) (en banc). Accordingly, not only are plaintiff's claims

regarding the 2017 incident *already* time-barred, but the allegations regarding the January 2018 incident are now likewise time-barred. Accordingly, because any amendment to the complaint adding the plaintiff does not relate back to the original filing in this case, the plaintiff's claims are clearly untimely and would not survive a Civil Rule 12(b)(6) motion to dismiss. Accordingly, such an amendment would be futile and the plaintiff's request for leave to amend the complaint should be denied.

### III. CONCLUSION

For the above reasons, Mitchell respectfully requests that the plaintiff's Motion for Leave be denied and the Motion for Judgment on the Pleadings be granted.

Respectfully submitted,

***WALKER NOVACK LEGAL GROUP, LLC***

/s/ Scott C. Walker_____
Thomas J. Novack (0038570)
Scott C. Walker (0063631)
5013 Pine Creek Drive
Westerville, Ohio 43081
Telephone: (614) 423-8276
Facsimile: (614) 767-0595
tom@walkernovack.com
scott@walkernovack.com

*Attorneys for Defendant Andrew K. Mitchell*

### CERTIFICATE OF SERVICE

I hereby certify that a true copy of the foregoing was served upon all parties of record via the Court's ECF filing system this 14th day of October 2020.

/s/   Scott   C.   Walker_____
*Attorney for Defendant Andrew K. Mitchell*