**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | |
|---|---|
| JANE DOE, | Case No. 2:20-cv-00459 |
|     Plaintiff, | Graham, J. |
| | Litkovitz, M.J. |
| vs. | |
| ANDREW K. MITCHELL, et al., | **REPORT AND** |
|     Defendants. | **RECOMMENDATION** |

### I. Introduction

Plaintiff Jane Doe brings this case under 42 U.S.C. § 1983 alleging violations of her federal constitutional rights. She names as defendants the City of Columbus (the City), Andrew K. Mitchell, and Does 1-10. This matter is before the Court on (1) the City's motion for judgment on the pleadings (Doc. 16), plaintiff's response in opposition (Doc. 20), and the City's reply (Doc. 22); (2) defendant Mitchell's motion for judgment on the pleadings (Doc. 18), plaintiff's response in opposition (Doc. 20), and Mitchell's reply (Doc. 21); and (3) plaintiff's motion for leave to proceed pseudonymously or, in the alternative, motion for leave to amend the complaint (Doc. 19) and defendants' opposing memoranda (Docs. 21, 23).

### II. Background

Plaintiff Jane Doe filed this action on January 27, 2020. (Doc. 1). Plaintiff alleges she filed the complaint under a pseudonym and is proceeding anonymously based on a fear for her safety posed by defendants and others. (*Id.*, ¶ 5). She sues defendants Mitchell and Does 1-10, employees of the City of Columbus, Columbus Division of Police in the vice unit or other units, in their individual capacity. (*Id.*, ¶ 6). Plaintiff sues the City of Columbus, a political subdivision, under a theory of municipal liability. (*Id.*, ¶ 7).

Plaintiff alleges that in 2017, while on duty as a plain clothes Columbus police officer in the vice unit, defendant Mitchell picked plaintiff up in his unmarked car, showed her his badge, and indicated he was with the vice unit. Plaintiff alleges that Mitchell radioed the vice unit and was informed that plaintiff had "active warrants." She alleges Mitchell drove her to the parking lot of a park, told her to get in the back seat of the car, and said, "Give that pretty ass up and you won't go to jail." Plaintiff claims that Mitchell then handcuffed her hand to his vehicle before plaintiff could escape, pulled her pants down, bit her on the back, and raped her vaginally. Plaintiff alleges that Mitchell then ordered plaintiff out of the vehicle and drove away, leaving plaintiff behind without most of her clothing. (*Id*., ¶¶ 21-35).

Plaintiff alleges that she encountered Mitchell again in February 2018 while he was in an unmarked car and on duty as a plain clothes Columbus police officer in the vice unit. Plaintiff alleges that she entered Mitchell's vehicle before she recognized him. Plaintiff claims that as soon as she entered his car, she immediately recognized Mitchell from the 2017 rape. She alleges that Mitchell told her he knew there were warrants out for her arrest and she was "going to jail this time." Plaintiff purportedly knew Mitchell was armed with a handgun, and Mitchell repeatedly flashed his badge at her. Plaintiff alleges that she was seated in the front passenger seat as Mitchell drove towards Jackson Park in Franklin County, Ohio, and she felt terror and anguish that became debilitating. Plaintiff alleges that Mitchell stopped the vehicle in the back of an unfamiliar parking lot. She claims he handcuffed one of her hands to the vehicle, flipped her over so that "her backside was facing him from the front passenger seat," removed plaintiff's pants, and raped her. Plaintiff alleges that Mitchell then removed the handcuffs from her wrist and pushed plaintiff out of the front passenger seat without her pants after ordering her to get out

2

of the vehicle. Plaintiff alleges that Mitchell drove away and left plaintiff dressed in only a tank top and with blood on her backside. (*Id*., ¶¶ 36-48).

Plaintiff alleges that she experienced severe terror and concern that Mitchell was going to physically assault, rape, or kill her as a direct and proximate result of transporting her to a "remote and secluded location." (*Id*., ¶ 50). Plaintiff claims that Mitchell subjected her to an unreasonable search and seizure and used excessed force against her in February 2018 by kidnapping or attempting to kidnap her and transporting her somewhere for the purpose of raping her, all under the guise of arresting her, and by raping her. (*Id*., ¶¶ 49, 51-53).

Plaintiff contends that Mitchell was indicted and arrested on federal charges on March 7, 2019, which included charges of "depriving victims of their constitutional rights while acting as an officer 'by kidnapping them under the guise of an arrest and forcing them to engage in sex for freedom.'" (*Id*., ¶ 54). Plaintiff contends that upon information and belief, prior to February 2018, an investigation of Mitchell by the City's Division of Police was underway, and additional reg flags had been raised about Mitchell and other vice unit officers. (*Id*., ¶ 56). Plaintiff claims that the City had a policy or custom of tolerating and acquiescing in violations of federal and state law by Mitchell and other vice unit officers. (*Id*.). Plaintiff claims that the City's policy was the direct cause of the City and/or Doe defendants' failure to relieve Mitchell of his gun and badge when they had a duty to so, and the policy also "direct[ly] and proximate[ly] enabled Defendant Mitchell to harm" and rape plaintiff. (*Id*.).

Based on these allegations, plaintiff brings claims against the defendant officers in their individual and official capacities under § 1983 for unreasonable seizure, use of excessive force, and deprivation of due process of law under the Fourth and Fourteenth Amendments. (Count One). Plaintiff alleges that a City policy or custom which was approved and authorized by

3

policymakers and superiors in the Columbus Division of Police was the moving force behind the deprivations, and the City's deliberate indifference to the defendant officers' proper training and supervision led to the deprivation of her constitutional rights. (Count Two). Plaintiff also claims that the defendant officers violated her constitutional rights to be free from threats, coercion, and intimidation for exercising her Fourth and Fourteenth Amendment rights. (Count Three).

### III. The parties' motions

Defendant City of Columbus moves for judgment on the pleadings under Fed. R. Civ. P. 12(c). (Doc. 16). Defendant Mitchell has joined the City's motion. (Doc. 18). Defendants move for judgment on the pleadings based on plaintiff's failure to seek the Court's permission to proceed pseudonymously in this lawsuit. Defendants assert that Fed. R. Civ. P. 10(a) requires that complaints name the parties to a lawsuit. (Doc. 16 at 3). Defendants contend that a plaintiff may proceed pseudonymously in only limited circumstances and with the Court's permission, which plaintiff Jane Doe had not sought as of the date they filed their motions. (*Id.*). Defendants assert that "courts are generally less inclined to let the alleged victim proceed in litigation under a pseudonym" where the victim is not a minor, which plaintiff Jane Doe does not claim to be. (*Id.*, citing *Doe v. Porter*, 370 F.3d 558, 561 (6th Cir. 2004)). Defendants also cite cases from other district courts for the proposition that there is a presumption in favor of disclosing a party's name in a lawsuit. (*Id.* at 4).

Defendants' Rule 12(c) motions do not address whether plaintiff Jane Doe has alleged the type of limited circumstances that have persuaded courts to allow plaintiffs to proceed pseudonymously. Defendants argue only that because plaintiff is not identified in the complaint and did not seek the Court's permission to proceed under a pseudonym, no case has been commenced as to plaintiff Jane Doe, an unnamed party; therefore, the Court has no jurisdiction

4

over the plaintiff. (*Id.*, citing *G.E.G. v. Shinseki*, No. 1:10-cv-1124, 2012 U.S. Dist. LEXIS 13973, at *8, 2012 WL 381589, at *3 (W.D. Mich. Feb. 6, 2012) ("Failure to seek permission to proceed under a pseudonym is fatal to an anonymous plaintiff's case [] because . . . 'the federal courts lack jurisdiction over the unnamed parties, as a case has not been commenced with respect to them.'") (quoting *Nat'l Commodity & Barter Ass'n, Nat'l Commodity Exch. v. Gibbs,* 886 F.2d 1240, 1245 (10th Cir. 1989)).

In response to defendants' motions, plaintiff filed an opposing memorandum (Doc. 20) and a motion to proceed pseudonymously or, in the alternative, for leave to amend the complaint under Fed. R. Civ. P. 15(a). (Doc. 19). Plaintiff does not present any substantive arguments in her memorandum opposing defendants' Rule 12(c) motions. (Doc. 20). She argues only that if the Court grants her motion for leave to proceed pseudonymously, or to file an amended complaint, then defendants' motions for judgment on the pleadings will be moot. (*Id.*). Defendants do not present arguments in support of their Rule 12(c) motions in their reply memoranda. (Docs. 21, 22). Instead, defendants address plaintiff's intervening request for leave to either proceed pseudonymously or to amend the complaint to disclose her true identity, which they oppose. (Docs. 21, 23).[1] Accordingly, the issue before the Court is whether plaintiff should be granted leave to either proceed pseudonymously or amend the complaint to disclose her true identity, or whether the Court should deny plaintiff's motion and dismiss the complaint for lack of jurisdiction.

---

[1] Defendant Mitchell filed a combined reply in support of his motion for judgment on the pleadings and a memorandum in opposition to plaintiff's motion for leave to proceed pseudonymously or amend the complaint, but Mitchell clarifies that his arguments respond solely to plaintiff's motion. (Doc. 21). The City filed a separate reply in support of its Rule 12(c) motion (Doc. 22) and a response in opposition to plaintiff's motion (Doc. 23), but the City states in its reply that its arguments from that point forward are all addressed to plaintiff's motion.

**1. Plaintiff's motion for leave to proceed pseudonymously (Doc. 19)**

In support of her motion to proceed pseudonymously, plaintiff Doe reiterates the allegations made against defendant Mitchell in the complaint. (Doc. 19; *see* Doc. 1). Doe alleges that at "the time of the filing, Plaintiff feared for her safety and wanted to ensure safety from media outlets." (Doc. 19 at 3). Doe acknowledges that public access to judicial proceedings is generally favored and that courts exercise their discretion to allow plaintiffs to proceed pseudonymously in only certain circumstances. (*Id*. at 4). She argues, though, that the applicable factors the Court must consider in deciding whether she can proceed pseudonymously justify that relief. She contends that the overarching consideration - "whether a plaintiff's privacy interests substantially outweigh the presumption of open judicial proceedings"[2] - and the factors that go into that determination weigh in favor of allowing her to proceed pseudonymously. (*Id*.). Doe asks that she be granted leave to amend the complaint to use her legal name in place of the "Jane Doe" pseudonym if the Court exercises its discretion to deny her motion to proceed pseudonymously. (*Id*. at 7-8).

In response, defendants argue that plaintiff has implicitly conceded that this matter must be dismissed unless the Court grants her request for leave to proceed under a pseudonym or amend the complaint. (Doc. 21 at 4; *see also* Doc. 23). Defendants argue that plaintiff is not entitled to proceed pseudonymously and "is required at the first instance to identify herself," which "she has failed to do." (Doc. 21 at 6). Defendants first argue that plaintiff is not entitled to proceed anonymously under the applicable four-factor balancing test because she has not met the allegedly "heavy burden" of showing her privacy interests substantially outweigh the presumption of open judicial proceedings. (*Id*. at 5, citing *Porter*, 370 F.3d at 560). In addition,

---

[2] *See Doe No. 1 v. Springboro Cmty. City Sch. Dist*., No. 1:19-cv-785, 2020 WL 3048191, at *2 (S.D. Ohio June 8, 2020) (citing *Porter*, 370 F.3d at 560).

6

defendants repeat arguments presented in their Rule 12(c) motions related to plaintiff's failure to seek the Court's permission to proceed pseudonymously prior to September 29, 2020, the date Doe filed her motion seeking that relief. (*Id.* at 6-7). Defendants argue that plaintiff's failure to seek permission from the Court earlier in the case deprives the Court of jurisdiction over the complaint. (*Id.*, citing *Citizens for a Strong Ohio v. Marsh*, 123 F. App'x 630, 636 (6th Cir. 2005)) ("Failure to seek permission to proceed under a pseudonym is fatal to an anonymous plaintiff's case, because . . . the federal courts lack jurisdiction over the unnamed parties, as a case has not been commenced with respect to them"); *see also Doe v. Carson*, No. 1:18-cv-1231, 2019 WL 1981886, at *1 (W.D. Mich. Jan. 4, 2019), *report and recommendation adopted,* 2019 WL 1978428 (W.D. Mich. May 3, 2019)*, aff'd,* No. 19-1566, 2020 WL 2611189 (6th Cir. May 6, 2020) (same)). Defendants argue that because plaintiff did not seek permission to proceed anonymously at an earlier date, the Court lacks jurisdiction over plaintiff and a request to proceed anonymously at this point is untimely. (*Id*. at 7).

Finally, defendants argue that plaintiff's claims would be untimely regardless of whether the Court allows her to proceed pseudonymously or to amend the complaint to identify herself as the plaintiff. Defendants argue that because any § 1983 claims brought by plaintiff under her legal name would not "relate back" to the original complaint, the claims would be time-barred under the applicable two-year statute of limitations and could not survive a Rule 12(b)(6) motion to dismiss. (*Id*. at 8). Defendants argue that plaintiff's request for leave to amend the complaint should therefore be denied based on futility of the proposed amendment. (*Id*., citing *Rose v. Hartford Underwriters Ins. Co.*, 203 F.3d 417, 421 (6th Cir. 2000)) (test for futility is whether the amended complaint could survive a Rule 12(b)(6) motion to dismiss).

7

A federal court lacks jurisdiction over a case if the plaintiff "[f]ail[s] to seek permission to proceed under a pseudonym" and to obtain court approval to proceed anonymously. *Marsh*, 123 F. App'x at 636-37; *see also Carson*, 2019 WL 1981886, at *1. Ordinarily, a plaintiff who wishes to proceed anonymously files a motion for a protective order allowing her to proceed under a pseudonym. *Marsh*, 123 F. App'x at 636-37 (citing *Porter*, 370 F.3d at 560). If the court denies the plaintiff's motion, the court lacks jurisdiction over the case and must dismiss the matter unless the plaintiff amends the complaint to identify herself by her true name. *See, e.g., Carson,* 2019 WL 1981886, at *2 (denying the plaintiff's motion to proceed anonymously and recommending that the matter be dismissed for lack of jurisdiction *unless* the plaintiff amended the complaint to identify herself by her legal name).

Here, the Court does not lack jurisdiction over plaintiff Jane Doe's complaint. Plaintiff has filed a request to proceed anonymously. Defendants have not cited any case law that supports their position that plaintiff's request is untimely. Defendants rely on the Sixth Circuit's decision in *Marsh*, but the situation there is distinguishable. The anonymous plaintiffs in *Marsh* had not filed a motion seeking to proceed anonymously. *Marsh*, 123 F. App'x at 636-37. Here, in contrast, plaintiff Jane Doe has filed a motion to proceed pseudonymously which is pending before this Court. The Court has the discretion to grant or deny the relief plaintiff seeks. There is no jurisdictional bar unless and until the Court denies plaintiff leave to proceed under a pseudonym, in which case plaintiff should be given an opportunity to amend the complaint as discussed *infra*. *See, e.g., Carson,* 2019 WL 1981886, at *2. Thus, the complaint should not be dismissed for lack of jurisdiction.

Plaintiff argues that the Court should exercise its discretion and allow her to proceed under a pseudonym. (Doc. 19). As a general matter, litigating under a pseudonym is disfavored. *See* Fed. R. Civ. P. 10(a) ("The title of the complaint must name all the parties. . . ."). However, the Court may exempt a plaintiff from identifying herself in certain circumstances where the plaintiff's "privacy interests substantially outweigh the presumption of open judicial proceedings." *Porter*, 370 F.3d at 560. The decision to grant such a motion is within the discretion of the district court. *Id.* The Court's exercise of discretion is guided by the consideration of several factors, which include: (1) whether the plaintiff "seeking anonymity [is] suing to challenge governmental activity"; (2) whether pursuit of the lawsuit will compel the plaintiff "to disclose information 'of the utmost intimacy'"; (3) "whether the litigation compels plaintiff[] to disclose an intention to violate the law, thereby risking criminal prosecution"; and (4) whether the plaintiff is a child. *Id.* (quoting *Doe v. Stegall*, 653 F.2d 180, 185-86 (5th Cir. 1981)). "[W]hether the defendants are being forced to proceed with insufficient information to present their arguments against the plaintiff's case" is also a relevant consideration. *Marsh*, 123 F. App'x at 636-37.

Plaintiff Jane Doe contends that her "privacy interests substantially outweigh the presumption of open judicial proceedings." (Doc. 19 at 4, citing *Doe No. 1*, 2020 WL 3048191, at *2) (citing *Porter*, 370 F.3d at 560). Plaintiff argues that the balance of factors to be considered weigh in her favor. (*Id*. at 4). First, Doe claims that she challenges government activity by alleging that defendant Mitchell raped her during the course and scope of his employment as a police officer for the City of Columbus. (*Id*. at 5). Second, Doe claims that her prosecution of this lawsuit will require her to disclose information of "the utmost intimacy" regarding rape and sexual assault, which would then be available to the public indefinitely and

9

which could affect her "professionally and personally." (*Id*. at 6).  Third, Doe contends that allowing her to proceed pseudonymously in these proceedings will cause no conceivable prejudice to defendants.  (*Id*.).  Plaintiff alleges her identity has been made available to the public in the criminal proceeding against defendants, and she is willing to allow her counsel to privately disclose her identity to defendants' counsel.  (*Id*.).

     Defendants argue that plaintiff has not met what they claim is her "heavy burden" of showing that her privacy interests "substantially outweigh the presumption of open judicial proceedings."  (Doc. 21 at 5-6).  They acknowledge that plaintiff has "arguably" shown that pursuing the lawsuit will require her to disclose information of the "utmost intimacy."  (*Id*. at 6).  But defendants argue the remaining factors to be considered do not weigh in plaintiff's favor.  (*Id*.).  They allege that certain factors carry no weight because plaintiff is not a minor and the litigation does not compel her to disclose an intention to violate the law so as to run the risk of criminal prosecution.  (*Id*.).  Defendants allege that plaintiff's argument that she is challenging government action is "weak at best" because government action in this context refers to "a policy or statute," which is not the "gravamen of the complaint."  (*Id*., citing *Shinseki*, 2012 U.S. Dist. LEXIS 13973, at *5, 2012 WL 381589, at *2).  Finally, defendants argue that while plaintiff states that her identity has been made available to the public in the criminal case against Mitchell, defendants would still lack enough information to defend themselves in this lawsuit if plaintiff were permitted to proceed under a pseudonym.  (*Id*., citing *Porter*, 370 F.3d at 561; *Doe v. University of Akron*, No. 5:15-cv-2309, 2016 U.S. Dist. LEXIS 192433, at *5-6, 2016 WL 4520512, at *3 (N.D. Ohio Feb. 3, 2016)) (even though defendants knew the plaintiff's identity and would not be prejudiced if plaintiff were to proceed under a pseudonym, that consideration

alone is insufficient to outweigh compliance with the federal rules of civil procedure and the presumption in favor of open judicial proceedings).

In this case, the balance of factors weighs in favor of a finding that plaintiff Jane Doe's "privacy interests substantially outweigh the presumption of open judicial proceedings." *Doe No. 1*, 2020 WL 3048191, at *2 (citing *Porter*, 370 F.3d at 560). Turning to the second factor initially - whether pursuit of the lawsuit will compel plaintiff "to disclose information 'of the utmost intimacy'" - federal courts have recognized the privacy interests of alleged sexual assault victims and have held that those privacy interests "outweigh the presumption in favor of openness." *See NMIC Ins. Co. v. Smith*, No. 2:18-cv-533, 2018 WL 7859755, at *2 (S.D. Ohio Oct. 24, 2018) (Vascura, M.J.) (citing *Doe v. Blue Cross & Blue Shield United of Wisconsin*, 112 F.3d 869, 872 (7th Cir. 1997) ("fictitious names are allowed when necessary to protect the privacy of . . . rape victims. . . ."); *Doe No. 2 v. Kolko*, 242 F.R.D. 193, 195 (E.D.N.Y. 2006) ("the public generally has a strong interest in protecting the identities of sexual assault victims so that other victims will not be deterred from reporting such crimes"); *K.S. v. Detroit Pub. Sch.*, No. 14-12214, 2015 WL 13358204, at *3 (E.D. Mich. July 22, 2015) (relying on *Kolko*, 242 F.R.D. at 195, and *Blue Cross*, 112 F.3d at 872, when finding that the alleged sexual assault victim - a student who was preyed upon by a teacher - could proceed anonymously)). The Court in *NMIC Ins. Co.* found that "the public interest weighs in favor of allowing [the Jane Doe defendant] to proceed anonymously so that other victims will not be deterred from coming forward." *NMIC Ins. Co.*, 2018 WL 7859755, at *2. The Court concluded there were "compelling reasons to protect" the privacy of the Jane Doe defendant - an alleged victim of sexual assault - and to "shield her from discrimination and harassment." *Id*. The Court therefore granted the Jane Doe defendant's motion to proceed anonymously. *Id*.

Though none of these cases is precisely on point, the decisions persuade the Court that there are compelling reasons to protect plaintiff Jane Doe's privacy interests in this case. The sexual assaults allegedly perpetrated by defendant Mitchell concern matters "of the utmost intimacy." *See Porter*, 370 F.3d at 560. Plaintiff will be forced to disclose extremely private information in the course of pursuing her claims. The complaint makes this clear. The complaint includes allegations of unreasonable seizure and excessive force in the course of two sexual assaults, and the complaint sets forth the detailed and explicit facts that support these claims. Further, defendants do not deny that sexual assault victims are entitled to privacy and anonymity and that plaintiff Jane Doe, an alleged rape victim, will be compelled to disclose information of the "utmost intimacy" in this lawsuit. The second factor weighs in favor of allowing plaintiff to proceed under a pseudonym.

While defendants do not deny that this lawsuit will require plaintiff to disclose exceedingly intimate information, they argue that this single factor is not sufficient to outweigh the presumption of open judicial proceedings. (Doc. 21 at 6). However, the compelling need to protect an alleged sexual assault victim's privacy interests has been held to be sufficient to allow the alleged victim to proceed anonymously. *See, e.g., NMIC Ins. Co.*, 2018 WL 7859755, at *2 (the Court addressed only the second factor - whether disclosure of the Jane Doe defendant's identity would equate to a disclosure of information of the "utmost intimacy" - and found that defendant Jane Doe was entitled to proceed anonymously). Further, this is not the only relevant factor that weighs in favor of allowing plaintiff Jane Doe to proceed under a pseudonym in this case. Additional circumstances are present which, when considered together with the intimate nature of the subject matter of the lawsuit, persuade the Court that plaintiff Doe should be permitted to pursue this litigation anonymously.

The first factor - whether plaintiff is seeking anonymity to challenge government activity - also applies here. Defendants argue that this factor usually applies in cases when a "plaintiff challenges governmental activity such as a policy or statute," which they allege is not the focus of plaintiff's complaint and therefore deserves little weight. (Doc. 21 at 6, quoting *Shinseki*, 2012 WL 381589, at *2). The Court disagrees. Plaintiff challenges an alleged City policy of tolerating and acquiescing in violent crimes of armed vice unit officers, which she claims led to sexual assaults by a police officer employed by the City. Plaintiff alleges in the complaint that the City had a policy or custom of tolerating and acquiescing in violations of federal and state law by Mitchell and other police officers in its vice unit; the City's policy was the direct cause of the City's failure to relieve Mitchell of his gun and badge, despite the City's duty to so; and the policy "direct[ly] and proximate[ly] enabled defendant Mitchell to harm" and rape plaintiff. (Doc. 1, ¶ 56). The first factor weighs in favor of allowing plaintiff to proceed pseudonymously.

Finally, defendants have not shown that if plaintiff were to proceed anonymously, they would be prejudiced because they would not have enough information to defend themselves. (*See* Doc. 21 at 6). Defendants object that they are not required to guess who has sued them, which indicates they have not learned plaintiff's identity as a result of the criminal proceedings instituted against Mitchell. However, plaintiff has indicated she is willing to have her counsel privately disclose her identity to defendants' counsel. This measure is sufficient to protect defendants from prejudice. *Cf. Doe v. City of Detroit*, No. 18-cv-11295, 2018 WL 3434345, at *2-3 (E.D. Mich. July 17, 2018) (defendant would not be prejudiced by the Doe plaintiff proceeding anonymously because Doe did not object to defense counsel using her real name to

13

obtain records or during depositions, so long as her true identity was redacted from records filed on the public docket).

Considering the relevant factors in the context of the record as a whole, the Court finds that Doe's "privacy interests substantially outweigh the presumption of open judicial proceedings." *Porter*, 370 F.3d at 560; *see also City of Detroit*, 2018 WL 3434345, at *2. The information Doe seeks to protect is "of the utmost intimacy," Doe challenges government action, and defendants have not shown they will be prejudiced if Doe pursues this litigation anonymously. The Court should exercise its discretion to allow plaintiff to proceed pseudonymously in this case.

**2. Plaintiff's motion, in the alternative, for leave to amend the complaint (Doc. 19)**

If the Court were to exercise its discretion to deny plaintiff's motion for leave to proceed under a pseudonym, then plaintiff should be granted leave to amend the complaint under Fed. R. Civ. P. 15(a) to disclose her true identity. The Rule provides that "a party may amend [her] pleading only with the opposing party's written consent or the court's leave," and that leave should be freely given "when justice so requires." Fed. R. Civ. P. 15(a). In deciding whether to grant leave to amend, district courts must consider several factors, including "[u]ndue delay in filing, lack of notice to the opposing party, bad faith by the moving party, repeated failure to cure deficiencies by previous amendments, undue prejudice to the opposing party, and futility of amendment. . . ." *Brooks v. Celeste*, 39 F.3d 125, 130 (6th Cir. 1994). Defendants argue that the proposed amendment would be futile because plaintiff's claims as amended would not "relate back" to the filing date of the original complaint and would be untimely. (*Id*. at 8). However, defendants have not offered valid arguments and supporting authority to show that the proposed amendment would be untimely and that leave to amend should be denied for this reason.

14

Initially, defendants' argument is based on their unsupported assumption that Fed. R. Civ. P. 15(c)(1)(C), which governs certain amendments and whether they "relate[] back to the date of the original pleading," applies to bar plaintiff's proposed amendment. Rule 15(c)(1) states that an amendment "relates back to the date of the original pleading when:

> (A) the law that provides the applicable statute of limitations allows relation back;
> (B) the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out--or attempted to be set out--in the original pleading; or
> (C) the amendment *changes the party or the naming of the party against whom a claim is asserted*, if Rule 15(c)(1)(B) is satisfied and if, within the period provided by Rule 4(m) for serving the summons and complaint, the party to be brought in by amendment:
> (i) received such notice of the action that it will not be prejudiced in defending on the merits; and
> (ii) knew or should have known that the action *would have been brought against it,* but for a mistake concerning the proper party's identity."

Fed. R. Civ. P. 15(c) (emphasis added). Thus, Rule 15(c)(1)(C), by its terms, provides for relation back of an amendment to a pleading when the amendment "changes the party or the naming of the party *against whom a claim is asserted*" and two additional requirements are satisfied: (i) the party to be brought in by the amendment received notice of the action such that it will not be prejudiced in "*defending*" the action; and (ii) the party knew or should have known that the action would have been "*brought against it, but for a mistake*" as to the proper party's identity. Fed. R. Civ. P. 15(c)(1)(C) (emphasis added). Plaintiff Jane Doe has asked to amend the complaint to change her own name as the plaintiff in the case and the party asserting the claims, not the names of the defendants "against whom a claim is asserted." *Id*. The plain language of Rule 15(c)(1)(C) does not cover amendments that involve changes in the plaintiff or the naming of the plaintiff. *See Asher v. Unarco Material Handling, Inc.*, 596 F.3d 313, 318 (6th Cir. 2010).

Defendants appear to concede this in their opposing memorandum. They contend that by its terms, Rule 15(c) applies only to parties against whom claims are asserted and does not authorize an amendment adding a "true" plaintiff. (Doc. 21 at 8-9). Defendants nonetheless rely on case law to argue that by amending her complaint to identify Jane Doe by her "true name," plaintiff would be adding or substituting a new party and creating new causes of action that do not relate back to the original filing. (*Id*. at 8). The cases defendants cite for this proposition of law interpreted and applied Fed. R. Civ. P. 15(c)(1)(C) to proposed amendments which sought to add party *defendants*. (*Id*. at 8, citing *In re Kent Holland Die Casting & Plating, Inc.*, 928 F.2d 1448, 1449 (6th Cir. 1991) (bankruptcy trustee's amendment which sought to add new defendant after the statute of limitations had expired created a new cause of action which did not relate back under Rule 15(c)); *Marlowe v. Fisher Body*, 489 F.2d 1057, 1064 (6th Cir. 1973) (plaintiff could not amend complaint to add claim against a new defendant under Rule 15(c) because the amendment added a new party and created a new cause of action which did not relate back); *United States ex rel. Statham Instruments, Inc. v. Western Cas. & Surety Co.*, 359 F.2d 521, 523 (6th Cir. 1966) ("As a general rule, an amendment pursuant to [Fed. R. Civ. P. 15] relates back only to the matters relating to the original parties of the complaint, or to correct a misnomer or a misdescription of defendant, and not to add or substitute a new party defendant."); *Smart v. Ellis Trucking Co., Inc.*, 580 F.2d 215, 218 (6th Cir. 1978) (holding that the amendments in that case could not relate back for limitation purposes because they "involve addition of a defendant (the union) to the original suit against the employer")). As explained *supra*, plaintiff's proposed amendment seeks to change the naming of herself - the party asserting the claims - not the defendants against whom the claims are asserted. Defendants have not shown that Rule 15(c)(1)(C) comes into play in this situation to prevent an amendment as untimely. The above

16

decisions cited by defendants do not support their argument that plaintiff's proposed amendment adds or substitutes a new party and creates new causes of action that do not relate back to the original complaint under Fed. R. Civ. P. 15(c).

Defendants also argue that while a few other Circuits have "extended the relation-back provisions of Rule 15(c)(1)(C) to amendments changing the identities of plaintiffs" (*Id*. at 9, citing cases), the only changes permitted under the Rule are "corrections of misnomers or misdescriptions." *Id*. (citing *In re Kent*, 928 F.2d at 1450; *Cox v. Treadway*, 75 F.3d 230, 240 (6th Cir. 1996); *Asher*, 596 F.3d at 318-19). Defendants argue that substituting the "true plaintiff" for the Jane Doe plaintiff here would not be a correction of a misnomer or misdescription but would be a "change in parties" that does not relate back. *Id*. The Sixth Circuit cases defendants cite for this proposition do not support defendants' argument. As discussed *supra, In re Kent*, 928 F.2d at 1450, involved an amendment adding a new defendant, not a plaintiff. *Cox*, 75 F.3d at 240, involved the naming of John Doe defendants. The Sixth Circuit found it is well-established that "replacing a 'John Doe' with a named party in effect constitutes a change in the party sued," which is permissible only when the notice and other requirements of Rule 15(c) are satisfied, and that "John Doe" pleadings cannot be used to circumvent statutes of limitations. *Id*. The Court did not suggest that naming a John Doe *plaintiff* who has brought the lawsuit implicates the same notice concerns that are raised when a John Doe defendant is sued, or that naming a John Doe plaintiff constitutes a change in parties. Defendants have not cited any case law that extends the holdings of *In re Kent* and *Cox* to an amendment that adds a new plaintiff or that substitutes a named plaintiff for a John/Jane Doe plaintiff.

The last Sixth Circuit decision defendants cite does not support their argument that substituting the "true plaintiff" for the Jane Doe plaintiff is a "change in parties" that is untimely because the amendment does not relate back under Rule 15(c). *See Asher*, 596 F.3d at 318-19. In *Asher*, the complaint was amended to add new plaintiffs who were not already in the case, which the Court recognized was an effort to circumvent the statute of limitations. The Court rejected the new plaintiffs' argument that their claims should relate back to the original filing under Rule 15(c)(1)(C). *Id.* at 319. The Court acknowledged that its prior decisions applying the Rule "involved plaintiffs' attempts to add defendants after the statute of limitations expired" and that "the plain language of Rule 15(c) does not authorize the exception advanced by the new plaintiffs." *Id*. However, the Court found no reason to treat "plaintiffs differently from defendants and allow[] untimely plaintiffs to ride piggyback on the claims of timely plaintiffs." *Id*. at 318. The Court concluded that relation back of the new plaintiffs' claims was not authorized under Rule 15(c) or any other authority provided by the plaintiffs. *Id*. at 320. *Asher* did not address the situation here, where the Jane Doe plaintiff who brought the complaint moves to amend the complaint to substitute her true name for a pseudonym. The Sixth Circuit's decision does not support defendants' argument that a proposed amendment to identify the original "Jane Doe" plaintiff by her legal name is considered a change in parties under Rule 15(c).

Defendants have not cited any additional cases that involve a proposed amendment to change the name of a plaintiff proceeding under a pseudonym to the plaintiff's true name. Defendants have not shown that Rule 15(c) applies to this situation and would preclude the proposed amendment as untimely. Defendants do not allege that plaintiff's proposed amendment would be futile based on any other authority or on any other ground. Thus, even if the Court

were to deny plaintiff leave to proceed under a pseudonym, the Court should grant plaintiff's alternative request for relief and allow her to amend the complaint under Fed. R. Civ. P. 15(a) to identify herself by her legal name in place of the "Jane Doe" pseudonym.

### 3. Defendants' motions for judgment on the pleadings (Docs. 16, 18)

Defendants' motions for judgment on the pleadings are based on their arguments that plaintiff's requests for leave to proceed under a pseudonym or, in the alternative, to amend the complaint are untimely. (Docs. 16, 18). Because these arguments are not supported by the legal authority defendants have provided and are not persuasive, defendants' motions for judgment on the pleadings should be denied as moot.

### IT IS THEREFORE RECOMMENDED THAT:

1. Plaintiff Jane Doe's Motion to Proceed Pseudonymously (Doc. 19) be **GRANTED** and that the parties be ordered to file all documents in this case with plaintiff Jane Doe's true name redacted. In the alternative, plaintiff should be granted leave to amend the complaint to identify plaintiff Jane Doe by her true name.

2. The motions for judgment on the pleadings filed by defendants City of Columbus (Doc. 16) and Andrew Mitchell (Doc.18) be **DENIED** as moot.

Date: 11/24/2020

Karen L. Litkovitz
United States Magistrate Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

JANE DOE,  
    Plaintiff,

Case No. 2:20-cv-00459  
Graham, J.  
Litkovitz, M.J.

vs.

ANDREW K. MITCHELL, et al.,  
    Defendants.

**NOTICE**

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. This period may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections **WITHIN 14 DAYS** after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).