# IN THE UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | |
|---|---|
| **JANE DOE,** | : |
| | : |
| Plaintiff, | : Case No. 2:20-cv-00459 |
| | : |
| v. | : Judge James L. Graham |
| | : |
| **ANDREW K. MITCHELL, et al.,** | : Magistrate Judge Litkovitz |
| | : |
| Defendants. | : |

## DEFENDANT ANDREW K. MITCHELL'S OBJECTIONS TO THE MAGISTRATE'S NOVEMBER 24, 2020 REPORT AND RECOMMENDATION (DOC. #24)

NOW COMES THE DEFENDANT, Andrew K. Mitchell ("Mitchell"), by and through undersigned counsel, and hereby files its objections to the Magistrate's November 24, 2020 Report and Recommendation (Doc. #24) ("Magistrate's R&R"). Defendant objects to the Magistrate's recommendation on two grounds that are well-supported by the Federal Rules of Civil Procedure and Sixth Circuit case law. First, Defendant objects to the recommendation that the Court allow the "Jane Doe" plaintiff to proceed anonymously because the plaintiff failed to seek permission to do so until well after the applicable statute of limitations expired. The plaintiff's request is untimely because a case has not commenced with respect to the unnamed "Jane Doe," and thus the Court does not have jurisdiction over her. Thus, her failure to seek permission to proceed anonymously prior to the time bar is fatal. Second, Defendant objects to the Magistrate's alternative recommendation that the plaintiff be granted leave to amend her complaint to identify her true identity. Not only does plaintiff's request come well after the deadline set by the Court for amendments to pleadings (which the magistrate failed to address), but such an amendment is futile in any event because it does not "relate back" to the original

complaint for statute of limitations purposes. Accordingly, an amended complaint at this juncture adding a new party to the case, i.e. the true plaintiff in exchange for a "Jane Doe" that never triggered the jurisdiction of the Court, would be subject to a Civil Rule 12(b)(6) motion to dismiss on statute of limitations grounds. Points and authorities are included in the attached Memorandum.

        Respectfully submitted,

        ***WALKER NOVACK LEGAL GROUP, LLC***

        /s/ Scott C. Walker_____
        Thomas J. Novack (0038570)
        Scott C. Walker (0063631)
        5013 Pine Creek Drive
        Westerville, Ohio 43081
        Telephone: (614) 423-8276
        Facsimile: (614) 767-0595
        tom@walkernovack.com
        scott@walkernovack.com

        *Attorneys for Defendant Andrew K. Mitchell*

**MEMORANDUM**

I.      **FACTUAL AND PROCEDURAL BACKGROUND**

On January 27, 2020 plaintiff, proceeding as "Jane Doe" in order to protect her identity "due to fear for her safety from Defendant and others" (*see* Complaint at ¶5 (Doc. #1), filed a complaint against Mitchell and the City alleging three counts of violations of her civil rights pursuant to 42 U.S.C. §1983. Plaintiff's allegations stem from two separate incidents in which she alleges that Mitchell, a Columbus Police Officer, used his authority as a City police officer operating in the Vice Unit to falsely arrest, detain, and sexually assault her. *Id.* at ¶¶8, 11. First, plaintiff claims that on an unknown day in 2017 "at some point during his vice investigations" plaintiff got into the front seat of Mitchell's unmarked Jeep and he flashed his badge indicating he was with the Vice Unit. *Id.* at ¶¶23-26. Plaintiff alleges that Mitchell proceeded to drive her to an unknown park's parking lot, handcuff her to the vehicle, bite her on the back, and rape her. *Id.* at ¶¶28-33.

Plaintiff next claims that on an unknown day in February 2018 plaintiff got into the front passenger seat of his unmarked black Cadillac when she immediately recognized him, and he flashed his badge threatening to take her to jail. Complaint at ¶¶37-41. She claims that Mitchell drove her to an unknown parking lot, handcuffed her to the vehicle and raped her a second time. *Id.* at ¶¶42-46. Defendant Mitchell filed his Answer and Affirmative Defenses on April 20, 2020 in which he denies all of the allegations and asserts that plaintiff's claims are barred, among other reasons, by the applicable statute of limitations. *See* Answer and Affirmative Defenses (Doc. # 10), *Second Defense*.

On September 8, 2020 the City filed a Motion for Judgment on the Pleadings (Doc. # 16) that Mitchell joined on September 9, 2020 (Doc. #18) (the "Motion"). The Motion asserts that plaintiff's failure to seek permission of the Court to proceed pseudonymously is fatal to the

action in its entirety and that, accordingly, the Complaint must be dismissed. *See* Motion at 3 ("Failing to seek permission to proceed pseudonymously is fatal to an anonymous plaintiff's case because federal courts lack jurisdiction over the unnamed parties, as a case has not been commenced with respect to them) citing *G.E.G. v. Shinseki,* No. 1:10-cv-1124, 2012 U.S. Dist. LEXIS 13973, 2012 WL 381589 at *8 (W.D. Mich. Feb. 6 2012), quoting *Nat'l Commodity & Barter Ass'n, Nat'l Commodity Exch. V. Gibbs*, 886 F.2d 1240, 1245 (10th Cir. 1989).

In response, plaintiff conceded that this matter must be dismissed unless the Court grants plaintiff leave to either proceed pseudonymously or to amend the complaint to reveal her name for the first time in this litigation. *See* Plaintiff's Memorandum Contra to Defendants' Motion for Judgment on the Pleadings (Doc. #20) ("Memo Contra") (arguing ***only*** that Defendants' Motion "will be rendered moot" if the Court grants leave as requested); *see also* Motion for Leave to Proceed Pseudonymously, or in the Alternative, Motion for Leave to Amend Plaintiff's Complaint, filed September 29, 2020. (Doc. #19) ("Motion for Leave"). However, the attempted "end around" requests for leave to avoid the statute of limitations are untimely and futile.

The Magistrate issued her Report and Recommendation regarding the matter on November 24, 2020. She concluded that "the Court does not lack jurisdiction over plaintiff Jane Doe's complaint," and that because a request to proceed pseudonymously (Doc. #19) has recently been filed, "there is no jurisdictional bar" unless and until the Court denies the requested relief. *See* Magistrate's R&R at 8. In other words, the Magistrate has determined that the request is timely for statute of limitations purposes even though 1) the Court was without jurisdiction over the case when the request was filed; 2) the plaintiff did not and cannot point to any tolling provision that preserved the running of the statute of limitations while the Court was without jurisdiction in this matter; 3) the request was filed to thwart the application of the statute

4

of limitations well after its expiration; and 4) the request was filed in response to the dispositive motion filed by the defendants pointing out the fatal mistake. For the reasons set forth below, the defendant respectfully submits that the Magistrate's decision in that regard is erroneous.

The Magistrate also recommends, in the alternative, that should the Court deny plaintiff's motion for leave to proceed under a pseudonym, it should nevertheless grant plaintiff leave to amend the complaint under Civil Rule 15(a). *See* Magistrate's R&R at 14. While recognizing that "[t]he plain language of Rule 15(c)(1)(C) does not cover amendments that involve changes in the plaintiff or the naming of the plaintiff" (*see* Magistrate's R&R at 15, citing *Asher v. Unarco Material Handling, Inc.*, 596 F.3d 313, 318 (6th Cir. 2010)), the Magistrate nevertheless concludes that amending the complaint to exchange the "Jane Doe" – which did not confer jurisdiction in the case – for the plaintiff's true name, is not a change in the plaintiff or naming of the plaintiff and that, therefore, the amendment relates back to the complaint and preserves the statute of limitations. *See id.* at 18 ("Defendants have not shown that Rule 15(c) applies to this situation and would preclude the proposed amendment as untimely"). For the reasons set forth below, the defendant respectfully submits that the Magistrate's decision in that regard is also erroneous.

I. **LAW AND ARGUMENT**
   a. **Standard of Review**

28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(a) permit magistrate judges to hear and decide pretrial matters. A party may object to such pretrial orders and, on review, "[t]he district judge in the case must consider timely objections and modify or set aside any part of the order that is clearly erroneous or contrary to law." Fed. R. Civ. P. 72(a). When objections are made to a report and recommendation of a magistrate judge, the district court reviews the case *de novo*. *Aladimi v. Hamilton Cty. Justice Ctr.*, No. 1:09-cv-398, 2012

U.S. Dist. LEXIS 20654, at *8-9 (S.D. Ohio Feb. 17, 2012). "Thus, the district court should exercise its independent judgment with respect to a magistrate judge's legal conclusions." *Computer Econ., Inc. v. Gartner Grp., Inc.*, 50 F. Supp. 2d 980, 983 (S.D. Cal. 1999). The district judge must determine *de novo* any part of the magistrate's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions. *Real Good Techs., LLC v. Victory Sols., LLC*, No. 1:17-CV-00149, 2019 U.S. Dist. LEXIS 218395, at *4-5 (N.D. Ohio Dec. 18, 2019) (quoting Civil Rule 72(b)(3)).

    **b. Defendant Objects to the Magistrate's Conclusion that Plaintiff's Failure to Seek Permission to Proceed Pseudonymously Until After the Statute of Limitations Expired Does Not Bar Her Complaint.**

While recognizing that the Court lacks jurisdiction over a case if the plaintiff "[f]ail[s] to seek permission to proceed under a pseudonym," (Magistrate's R&R at 8, citing *Citizens for a Strong Ohio v. Marsh*, 123 Fed. Appx. 630, 636 (6th Cir., Jan. 3, 2005), and *Doe v. Carson*, No. 1:18-cv-1231, 2019 U.S. Dist. LEXIS 75015, at *2-3 (W.D. Mich. Jan. 4, 2019), the Magistrate nevertheless erroneously concludes that the absence of jurisdiction during the period when the plaintiff failed to seek the required permission is not fatal to the plaintiff's claims when the statute of limitations expired in the interim. *See id.*, at 8. The Sixth Circuit has made clear that the "[f]ailure by a plaintiff to obtain court approval to proceed anonymously deprives the Court of jurisdiction to hear the matter." *Carson*, 2019 U.S. Dist. LEXIS at *3; *Shinseki*, 2012 U.S. Dist. LEXIS 13973 at *8, quoting *Gibbs* ("[f]ailure to seek permission to proceed under a pseudonym is fatal to an anonymous plaintiff's case, because . . . the federal courts lack jurisdiction over the unnamed parties, as a case has not been commenced with respect to them"); *see also Marsh*, 123 Fed. Appx. 630, 636 (same).

Despite clear Sixth Circuit authority to the contrary, the Magistrate nevertheless

concludes that "[h]ere, the Court does not lack jurisdiction over plaintiff Jane Doe's complaint." Magistrate's R&R at 8. The Magistrate supports her conclusion by noting that the plaintiff filed her Motion for Leave to Proceed Pseudonymously (Doc. #19) on September 29, 2020. But the statute of limitations had already expired by the time of that filing.[1] Each of the cases cited supports the defendant's position that the request is untimely because each of the cases holds that **_the Court does not have jurisdiction over a Jane Doe_**. Because the Court had no jurisdiction when the requested leave to proceed pseudonymously was filed, it follows that the running of the statute of limitations **_before_** the Court obtains jurisdiction is fatal to the plaintiff's case. As *Marsh* makes clear, this Court "lack[s] jurisdiction over the unnamed parties, as a case has not been commenced with respect to them." *Marsh,* 123 Fed. Appx. at 637.

The Magistrate asserts that "Defendants have not cited any case law that supports their position that plaintiff's request is untimely." Magistrate's R&R at 8. The cases cited by the defendants stand for the proposition that the Court does not have jurisdiction over an unnamed plaintiff. Thus, while the cases did not confront the timeliness bar that the plaintiff faces here, the cases do not support the Magistrate's conclusion that a request for leave to proceed anonymously that is clearly filed beyond the statute of limitations is not fatal to the plaintiff's claims. In *Marsh,* the plaintiff failed to request permission to proceed anonymously and the Court dismissed the three John Doe claims. *See Marsh,* 123 Fed. Appx. 630, 636-637 (noting no motion on the docket dealing with a request by anonymous plaintiffs to proceed under a

---

[1] Plaintiff's complaint, filed on January 27, 2020, asserts three counts of violations of 42 U.S.C. §1983 against Mitchell causing her personal injuries. As set forth above, those allegations relate to two separate incidents in 2017 and February 2018 where Mitchell allegedly kidnapped and raped the plaintiff. *See* Complaint (Doc. #1) at ¶1 (alleging claims based upon false arrest, false imprisonment and rape). The statute of limitations for actions based upon 42 U.S.C. §1983 in Ohio is two years. *See Mathis v. Columbus Police Dep't & Emples.*, No. 2:10-CV-0049, 2010 U.S. Dist. LEXIS 87684, at *4-5 (S.D. Ohio Aug. 2, 2010) (discussing statute of limitations for 1983 actions and barring complaint as untimely) citing *Browning v. Pendleton,* 869 F.2d 989, 992 (6th Cir. 1989) (en banc). Accordingly, not only are plaintiff's claims regarding the 2017 incident **_already_** time-barred, but the allegations regarding the January 2018 incident are now likewise time-barred.

7

pseudonym).  In *Shinseki* the court found that the plaintiff had sought permission through an allegation in the complaint. *See Shinseki*, 2012 U.S. Dist. LEXIS 13973 at *8-9 (finding allegation that plaintiff "seeks to proceed under a pseudonym due to the private nature of his disabilities" as a request for permission to proceed anonymously).  To be sure, no such allegation appears in this complaint.  In fact, the ***only*** allegation in the complaint regarding plaintiff's anonymity is simply an assertion as to ***why*** she refused to identify herself:  "Plaintiff Jane Doe is an individual whose identity is being protected due to fear for her safety from Defendants and others."  Complaint (Doc. #1) at 2, ¶5.  That allegation is nothing more than a statement explaining her failure to identify herself, not nearly a request to proceed under a pseudonym.  In *Carson*, the statute of limitations was not at issue, but the Court recognized its obligation to address the issue "given that it affects the Court's jurisdiction." *Carson*, 2019 U.S. Dist. LEXIS 75015 at *2-3.  Accordingly, this Court does not have jurisdiction in this matter because a case has not commenced.  Therefore, the request to proceed anonymously comes too late because the statute of limitations has expired.

        **c. Defendant Objects to the Magistrate's Conclusion that Plaintiff's Request for Leave to Amend the Complaint is Not Futile.**

As an initial matter, the Magistrate did not address the defendants' argument that plaintiff's request for leave to amend the complaint was untimely because it was filed after the deadline set forth by the Court to amend pleadings.  *See* Defendant City of Columbus' Memorandum in Opposition to Plaintiff's Motion for Leave to Proceed Pseudonymously, or In the Alternative, Motion for Leave to Amend Plaintiff's Complaint (Doc. #16) at 1-2.  Where "the deadline for amending pleadings established by the Court's scheduling order has passed, the Sixth Circuit has made clear that, 'a plaintiff must first show good cause under Rule 16(b) for failure earlier to seek leave to amend' and the Court 'must evaluate prejudice to the nonmoving

8

party before [it] will consider whether amendment is proper under Rule 15(a).'" *Kesterson v. Kent State Univ.*, No. 5:16-cv-298, 2018 U.S. Dist. LEXIS 77550, at *15 (N.D. Ohio May 8, 2018) (denying motion for leave to amend complaint filed outside of Court's deadline to amend pleadings), quoting *Bare v. Fed. Express Corp.*, 886 F. Supp. 2d 600, 605 (N.D. Ohio 2012) (quoting *Commerce Benefits Grp., Inc. v. McKesson Corp.*, 326 F. App'x 369, 376 (6th Cir. 2009) (further quotation marks and citation omitted)). Here, the plaintiff never addressed, let alone showed, good cause under Rule 16(b) for failure earlier to seek leave to amend. Accordingly, the Magistrate's Report and Recommendation should be rejected for that reason as well.

Furthermore, the Magistrate's conclusion that Civil Rule 15(c) allows an amendment in this case to relate back to the plaintiff's complaint, thus preventing the statute of limitations bar, is erroneous. *See* Magistrate's R&R at 14 ("defendants have not offered valid arguments and supporting authority to show that the proposed amendment would be untimely and that leave to amend should be denied for this reason"). An amendment to the complaint allowing the plaintiff to add her true identify at this stage in the proceedings would be futile. *See*, *e.g.*, *Willis v. Comm'r of Soc. Sec.*, No. 1:18-cv-158, 2018 U.S. Dist. LEXIS 206307, at *2 (S.D. Ohio Dec. 6, 2018) (listing factors to be considered in allowing amendment of complaint, including undue delay and futility of amendment).[2] The test for futility is whether the amended complaint could survive a Fed. R. Civ. P. 12(b)(6) motion to dismiss. *Rose v. Hartford Underwriters Ins. Co.*, 203 F.3d 417, 421 (6th Cir. 2000). As set forth above, the plaintiff's claims are all time-barred, so an amended complaint naming the plaintiff's true identity now would not survive a motion to dismiss.

---

[2] The Magistrate also failed to address defendants' argument that the plaintiff's request for leave to amend is also filed nine months from the inception of the case, constituting an undue delay. *See* Mitchell Reply at 9, fn. 1.

To be sure, an amendment to the complaint adding the plaintiff's true identity does not "relate back" to the original filing date. "[T]he precedent of this circuit clearly holds that ***'an amendment which adds a new party creates a new cause of action and there is no relation back to the original filing for purposes of limitations***.'" *In re Kent Holland Die Casting & Plating, Inc.*, 928 F.2d 1448, 1449 (6th Cir. 1991) (quoting *Marlowe v. Fisher Body*, 489 F.2d 1057, 1064 (6th Cir. 1973)(emphasis added); *see also United States ex rel. Statham Instruments, Inc. v. Western Cas. & Surety Co.*, 359 F.2d 521, 523 (6th Cir. 1966) (stating that, when "[t]he effect of Plaintiff's amendment is to add another party[,]" it "establishes a new and independent cause of action which cannot be maintained when the statute has run, for the amendment is one of substance rather than one of form and brings into being one not presently in court"); *Smart v. Ellis Trucking Co., Inc.*, 580 F.2d 215, 218 (6th Cir. 1978) (same).

Indeed, the plain language of Rule 15(c) does not authorize an amendment to relate back to the original complaint that exchanges a "Jane Doe" – which did not confer jurisdiction to the Court – with the true plaintiff. *See Fed. R. Civ. P.* 15(c)(1)(B) (allowing relation back of an amendment asserting a "claim or defense," not authorizing the relation back of an amendment adding a new party). Similarly, Rule 15(c)(1)(C) permitting relation back of an amendment changing a party or its name applies, by its plain language, to changes **to defendants**. *See* Rule 15(c)(1)(C) (authorizing relation back of an amendment that "changes the party or the naming of the party *against whom a claim is asserted*[.]") (emphasis added).

Obviously, the plaintiff is not attempting to assert claims against herself, so the plain language of the rule does not apply to an amendment changing her to her true identity. Moreover, Rule 15(c)(1)(C) allows an amendment adding the party against whom a claim is asserted to relate back only if the party to be brought in by amendment receives timely notice

10

and knew or should have known that the action would be brought against it within the period provided by Rule 4(m) for serving the summons and complaint. *See* Civil Rule 15(c)(1)(C)(i) and (ii). Because Rule 15(c) does not address, let alone provide requirements for, the relation back of amendments adding ***plaintiffs***, as is the case here, the plaintiff's request to do so in this case ***does not relate back to the original complaint***. Indeed, the Magistrate even agrees. *See* Magistrate's R&R at 15 ("The plain language of Rule 15(c)(1)(c) does not cover amendments that involve changes in the plaintiff or the naming of the plaintiff") citing *Asher v. Unarco Material Handling, Inc.*, 596 F.3d 313, 318-19 (6th Cir. 2010). Accordingly, any such amendment does not relate back to the original complaint under Civil Rule 15(c) and would therefore be time-barred and futile. *See* Civil Rule 15(c)(1) (Entitled "When an Amendment Relates Back").

Although various courts have extended the relation-back provisions of Rule 15(c)(1)(C) to amendments changing identities of plaintiffs, *see, e.g., Young ex rel. Nutramax Litig. Trust v. Lepone*, 305 F.3d 1, 14 (1st Cir. 2002); *SMS Fin., LLC v. ABCO Homes, Inc.*, 167 F.3d 235, 244-45 (5th Cir. 1999); *Nelson v. County of Allegheny*, 60 F.3d 1010, 1014 (3d Cir. 1995), the type of "changes" permitted are limited to corrections of misnomers or misdescriptions. *See In re Kent Holland Die Casting & Plating, Inc.*, 928 F.2d at 1450; *Cox v. Treadway*, 75 F.3d 230, 240 (6th Cir. 1996) (holding that substitution of a "John Doe" defendant with a named party is not a misnomer but a "change in parties" that does not relate back); *Asher* (same). Thus, substituting Jane Doe with the true plaintiff in this matter would not be a correction to a misnomer or misdescription, but rather a "change in parties" that does not relate back.

In *Asher v. Unarco Material Handling, Inc.*, 596 F.3d 313, 315 (6th Cir. 2010) the district court rejected the plaintiffs' contention that their claims related back to the filing date of the

original complaint under Fed. R. Civ. P. 15(c). The Sixth Circuit characterized the plaintiffs' position that an amendment adding untimely plaintiffs should relate back to the original complaint for statute of limitations purposes as **_"untenable."_** *Id.* at 318. And while the Magistrate here relied on the fact that the cases cited to support the notion that proposed amendments to change parties do not relate back all dealt with attempts to add party defendants (Magistrate's R&R at 16), the *Asher* Court already rejected that distinction:

> Although the new plaintiffs are correct that our prior decisions applying this rule involved plaintiffs' attempts to add defendants after the statute of limitations expired, they offer no authority or persuasive justification for treating plaintiffs differently from defendants and allowing untimely plaintiffs to ride piggyback on the claims of timely plaintiffs. Indeed, the plain language of Rule 15(c) does not authorize the exception advanced by the new plaintiffs.

*Id.*

Although the Magistrate distinguishes *Asher* by noting that the case did not involve a "Jane Doe" plaintiff as here (Magistrate's R&R at 18), she still offers no supporting authority for the Sixth Circuit's conclusion that plaintiffs – whether actual or imagined – should be treated differently than defendants. Moreover, as set forth above, the Sixth Circuit has clearly held that the district courts have no jurisdiction over Jane Doe plaintiffs because a case has not commenced with respect to them. *Shinseki, Marsh, Carson, Gibbs, supra.* Accordingly, this is not a situation where an already identified plaintiff is attempting to change a misnomer or misdescription in her name; it is clearly a situation where, as in *Asher*, the plaintiff is attempting to introduce a completely new party – i.e., her true self. As the Sixth Circuit has held, that position "is untenable. '[T]he precedent of this circuit clearly holds that 'an amendment which adds a new party creates a new cause of action and there is no relation back to the original filing for purposes of limitations.'" *Asher*, 596 F.3d at 318.

Accordingly, because any amendment to the complaint adding the plaintiff does not relate back to the original filing in this case, the plaintiff's claims are clearly untimely and would not survive a Civil Rule 12(b)(6) motion to dismiss. Accordingly, such an amendment would be futile, and the Magistrate's conclusion otherwise should be rejected.

## II. CONCLUSION

For the above reasons, Mitchell respectfully requests that the Court reject the Magistrate's Report and Recommendation and instruct that Plaintiff's Motion for Leave be denied and the Motion for Judgment on the Pleadings be granted.

Respectfully submitted,

***WALKER NOVACK LEGAL GROUP, LLC***

/s/ Scott C. Walker_____
Thomas J. Novack (0038570)
Scott C. Walker (0063631)
5013 Pine Creek Drive
Westerville, Ohio 43081
Telephone: (614) 423-8276
Facsimile: (614) 767-0595
tom@walkernovack.com
scott@walkernovack.com

*Attorneys for Defendant Andrew K. Mitchell*

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the foregoing was served upon all parties of record via the Court's ECF filing system this 22nd day of December 2020.

/s/ Scott C. Walker_____
*Attorney for Defendant Andrew K. Mitchell*