# IN THE UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | | |
|---|---|---|
| **JANE DOE,** | : | |
| | : | |
| Plaintiff, | : | Case No. 2:20-cv-00459 |
| | : | |
| v. | : | Judge James L. Graham |
| | : | |
| **ANDREW K. MITCHELL, et al.,** | : | Magistrate Judge Litkovitz |
| | : | |
| Defendants. | : | |

## DEFENDANT ANDREW K. MITCHELL'S MOTION FOR PARTIAL SUMMARY JUDGMENT

NOW COMES THE DEFENDANT, Andrew K. Mitchell ("Mitchell"), by and through undersigned counsel, and pursuant to Civil Rule 56 hereby respectfully moves this Honorable Court for an Order entering partial summary judgment in his favor as to all claims in this case that have been filed outside the applicable statute of limitations.[1] Points and authorities are included in the attached Memorandum.

        Respectfully submitted,

        ***WALKER NOVACK LEGAL GROUP, LLC***

        /s/ Scott C. Walker
        Thomas J. Novack (0038570)
        Scott C. Walker (0063631)
        5013 Pine Creek Drive
        Westerville, Ohio 43081
        Telephone: (614) 423-8276

---

[1] Mitchell earlier filed an unopposed motion requesting additional time to complete discovery and file a dispositive motion. Given that today is the dispositive motion deadline and the Court has not yet ruled on the request for additional time, Mitchell files this motion for partial summary judgment out of an abundance of caution in the event the Court denies the motion seeking additional time. If, however, the Court grants that motion Mitchell reserves the right to file an additional dispositive motion should grounds for filing such a motion appear after the plaintiff's deposition is taken.

Facsimile: (614) 767-0595
tom@walkernovack.com
scott@walkernovack.com

*Attorneys for Defendant Andrew K. Mitchell*

## MEMORANDUM

### I. FACTUAL AND PROCEDURAL BACKGROUND

On January 27, 2020 plaintiff, proceeding as "Jane Doe," filed a complaint against Mitchell and the City of Columbus (the "City") alleging three counts of violations of her civil rights pursuant to 42 U.S.C. §1983. Plaintiff's allegations stem from two separate incidents in which she alleges that Mitchell, a Columbus Police Officer, used his authority as a City police officer operating in the Vice Unit to falsely arrest, detain, and sexually assault her. *Id.* at ¶¶8, 11. First, plaintiff claims that on an unknown day in 2017 "at some point during his vice investigations" plaintiff got into the front seat of Mitchell's unmarked Jeep and he flashed his badge indicating he was with the Vice Unit. *Id.* at ¶¶23-26. Plaintiff alleges that Mitchell proceeded to drive her to an unknown park's parking lot, handcuff her to the vehicle, bite her on the back, and rape her. *Id.* at ¶¶28-33.

Plaintiff next claims that on an unknown day in February 2018 plaintiff got into the front passenger seat of his unmarked black Cadillac when she immediately recognized him, and he flashed his badge threatening to take her to jail. Complaint at ¶¶37-41. She claims that Mitchell drove her to an unknown parking lot, handcuffed her to the vehicle and raped her a second time. *Id.* at ¶¶42-46. Defendant Mitchell filed his Answer and Affirmative Defenses on April 20, 2020 in which he denies all of the allegations and asserts that plaintiff's claims are barred, among other reasons, by the applicable statute of limitations. *See* Answer and Affirmative Defenses (Doc. # 10), *Second Defense*. Plaintiff's claims with respect to the first allegation allegedly occurring in 2017 are clearly barred by the applicable statute of limitations. Accordingly,

Defendant Mitchell is entitled to summary judgment as all claims stemming from the alleged 2017 incident.

## II. LAW AND ARGUMENT

### A. The Summary Judgment Standard.

The legal standard for summary judgment in federal court is well known. While viewing all evidence in a light most favorable to the nonmoving party and drawing all justifiable interests in her favor, does the evidence present a sufficient disagreement so as to require submission to a jury or is the evidence so one-sided that a party must prevail as a matter of law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986). In this case, the Plaintiff's claims regarding an alleged incident occurring in 2017 are time barred and summary judgment as to those claims in Defendant Mitchell's favor is appropriate.

### B. Plaintiff's Claims Stemming from an Alleged Incident Occurring in 2017 are Time-Barred by the Applicable Statute of Limitations.

Plaintiff's complaint, filed on January 27, 2020, asserts three counts of violations of 42 U.S.C. §1983 against Mitchell causing her personal injuries. As set forth above, those allegations relate to two separate incidents in 2017 and February 2018 where Mitchell allegedly kidnapped and raped the plaintiff. *See* Complaint (Doc. #1) at ¶1 (alleging claims based upon false arrest, false imprisonment and rape). In Ohio, the statute of limitations for actions based upon 42 U.S.C. §1983 is two years. *See Cooey v. Strickland*, 479 F.3d 412, 416 (6th Cir. 2007) *(*holding that the state's statute of limitations governing personal injury actions is applied to all §1983 actions brought in that state); *Mathis v. Columbus Police Dep't & Emples.*, No. 2:10-CV-0049, 2010 U.S. Dist. LEXIS 87684, at *4-5 (S.D. Ohio Aug. 2, 2010) (discussing statute of limitations for 1983 actions and barring complaint as untimely), citing *Browning v. Pendleton,* 869 F.2d 989, 992 (6th Cir. 1989) (*en banc*). Accordingly, plaintiff's claims regarding the 2017 incident are

3

time-barred and Defendant Mitchell is entitled to summary judgment as to plaintiff's claims based on that alleged incident.

### III. CONCLUSION

For the above reasons, Mitchell respectfully requests that the Court grant this motion and enter an Order entering partial summary judgment in his favor as to all claims in this case that have been filed outside the applicable statute of limitations.

Respectfully submitted,

***WALKER NOVACK LEGAL GROUP, LLC***

/s/ Scott C. Walker_____
Thomas J. Novack (0038570)
Scott C. Walker (0063631)
5013 Pine Creek Drive
Westerville, Ohio 43081
Telephone: (614) 423-8276
Facsimile: (614) 767-0595
tom@walkernovack.com
scott@walkernovack.com

*Attorneys for Defendant Andrew K. Mitchell*

### CERTIFICATE OF SERVICE

I hereby certify that a true copy of the foregoing was served upon all parties of record via the Court's ECF filing system this 21st day of June, 2022.

/s/ Scott C. Walker_____
*Attorney for Defendant Andrew K. Mitchell*